## SULLIVAN v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit. May 27, 1929.

No. 5774.

James M. Hanley and Elmer Collett, both of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and George M. Naus, Asst. U. S. Atty., both of San Francisco, Cal.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. Appellant was convicted of robbing the United States mails at San Francisco on April 7, 1924. A previous judgment of conviction was reversed by this court. Sullivan v. United States, 28 F. (2d) 147. The facts are partially set forth in that opinion. On the date of the robbery, Earl W. Hannan, a government chauffeur, and Winfield Brown, a guard, were proceeding on a mail truck from the Ferry Station in San Francisco to the post office at Seventh and Mission streets in that city. On Mission street, just after passing Beale street, they were intercepted by three men armed with revolvers who, at the point of their guns compelled them to drive the mail truck to a secluded place in Lansing street, where eight registered mail pouches were transferred by the robbers, assisted by Hannan, to a Hudson touring car, driven, it is alleged, by the appellant.

The indictment alleges, and the proof shows, that before the robbery Hannan, the driver of the mail truck, had entered into a conspiracy with Crowe, one of the robbers, for a simulated robbery, and that he received several thousand dollars of the proceeds thereof. Hannan and the three men who held up the mail truck have been convicted and sentenced, Hannan for conspiracy and the others for robbery. Brown, the guard, testified to the facts and circumstances connected with the robbery. He could not identify the appellant, but testified that the Hudson car was driven by a young man who was disguised by pulling his cap well down on his head and by an upturned coat collar. Appellant admitted to several persons that he was the driver of the Hudson car at the time of the robbery and that he had received a part of the proceeds of the robbery. After the robbery, appellant fled, and was finally apprehended in London, England.

Appellant's first claim is that no assault was committed upon a person in charge or control of the mail, for the reason that Hannan, who was in charge of the mail, had arranged for, and consented to, the robbery. It is contended that his consent to the transaction deprived it of an essential element required for a conviction under section 197 of the U. S. Criminal Code (18 USCA § 320),

namely, that the custodian should be put in fear by the assault. The case of Conway v. United States (C. C. A.) 1 F.(2d) 274, is cited as authority for this position. In that case, however, La Mott, the post office clerk in charge of the registered mail, had agreed to the robbery, but had reported the matter to his superior officers, and had proceeded with the plan with their consent and co-operation for the purpose of entrapping the robbers. At the time of the robbery, in accordance with such prearrangement, the robbers were apprehended. On the other hand, in the case at bar Hannan at all times was acting on his own plan and initiative to secure for himself a portion of the money carried in the mail. We need not decide whether the coconspirators would be guilty of robbery within the meaning of said section 197, if Hannan had been in sole charge of the mail, for the reason that Brown, the guard, who was armed with two shotguns and a revolver supplied to him by the government for the purpose of protecting the mail, was lawfully in "charge, control, or custody of any mail matter," within the meaning of said section 197. Madigan v. United States (C. C. A.) 23 F.(2d) 180.

It is claimed that the court erred in admitting the testimony of the chauffeur of the mail truck, Earl W. Hannan, a coconspirator, to the effect that with Crowe he had planned the robbery and had agreed with him for a division of the proceeds into five parts, of which he was to receive one-fifth. This testimony as to a plan and agreement is direct evidence of a conspiracy and clearly part of the res gestæ, showing the relationship of Hannan to the entire transaction, and admissible for that reason. Sprinkle v. U. S. (C. C. A.) 141 F. 811, 817. Such evidence should not be confused with extrajudicial declarations of a conspirator, admissible against a coconspirator solely because of the conspiracy.

Appellant contends that the court erred in overruling the objection of the defendant to the testimony of the witness Christian M. Christiansen. Appellant's argument in this matter seems to be based on the claim that the district attorney and the witness assumed without sufficient basis that certain statements by the appellant related to the robbery. There is no question as to the admissibility of admissions made by the appellant, and no specific objection is pointed out in appellant's brief to the matter now objected to. In the absence of such objection at the time of trial, the point cannot be now considered. However, it may be stated that

the jury is the proper body to determine the probative value of the testimony concerning statements by the appellant and to determine whether or not the statements made by him were properly referable to the robbery as stated by the witness.

It is claimed the court erred in refusing to give an instruction requested by the appellant on the subject of circumstantial evidence. This is not a case of circumstantial evidence. The fact of the robbery was proved by the direct evidence of eyewitnesses, and the participation of the appellant is shown by his own admission.

Appellant presented an instruction relating to the weight to be given to declarations of witnesses made in the presence and hearing of a person charged with crime to the effect that he was guilty thereof. The proposed instruction was not applicable to any situation presented by the evidence, for the government did not rely upon the silence of the appellant in the presence of accusatory statements, but, instead, relied upon affirmative statements of the appellant that he drove the Hudson car at the time and place of the robbery, and that he received a part of the proceeds fom the robbery, and upon other admissions of like purport. There was no error in refusing this instruction.

At the conclusion of the government's cases, the district attorney announced that Morris, Crowe, and Nagle were in custody in the county jail in Oakland, and that, unless the defense desired to keep them here, they would be immediately returned to their respective penitentiaries. He stated, "They have been here some time. We have decided not to use them." After securing the consent of the court to their return, the district attorney added, "I want the record to show also, of course, that these three men are here, and are available to the defense in case they should want them." This statement was assigned as misconduct on the part of the district attorney. After some discussion, the court said, "I think it would be better if nothing were said about these witnesses at all. As it is, as far as I can understand, it is a simple detail that the district attorney advises that he is not going to retain these witnesses, apparently not desiring to use them, and if any one else desires them they will be soon out of the jurisdiction of the court, unless they are kept here." To this the district attorney replied, "That is correct, your Honor. That is all it is."

There was no misconduct on the part of the district attorney. The witnesses were in the custody of the government, and subject to the order of the court, and it was quite proper that the defendant and the jury and the court should be advised of the fact that they were to be sent out of the jurisdiction of the court without appearing as witnesses in the case, unless desired by the defendant.

Judgment affirmed.