THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SANTO
BRETAGNA and WILLIAM ROSENBERG, Appellants.

·Argued December 1, 1948; decided January 13, 1949.

*Harry G. Anderson* for Santo Bretagna, appellant. The
admission in evidence of the alleged confession of defendant
was illegal and in violation of defendant's constitutional
rights under the United States and New York State Constitu-
tions. (*Pierce* v. *Creecy,* 210 U. S. 387; *People* v. *Alex,* 265 N. Y.
192; *People* v. *Mummiani,* 258 N. Y. 394; *People* v. *Valletutti,*
297 N. Y. 226; *People* v. *Barbato,* 254 N. Y. 170; *People* v. *Weiner,*
248 N. Y. 118.)

*Abraham J. Gellinoff, Matthew H. Brandenburg* and *Alfred
Norick* for William Rosenberg, appellant. I. Appellant Rosen-
berg's guilt was not established beyond a reasonable doubt.
II. The trial court erred in refusing to charge that the testimony
as to the alleged confession by appellant was not direct evidence
of the commission of the crime by him, and in refusing to charge
concerning the law of circumstantial evidence. (*Pease* v. *Smith,*
61 N. Y. 477; *People* v. *Conroy,* 287 N. Y. 201; *State* v. *Criger,*

46 S. W. 2d 537 [Mo.]; *State* v. *Huff,* 184 S. W. 2d 447 [Mo.]; 1917D L. R. A. 591; 40 A. L. R. 566; C. J. S., Criminal Law, § 816, p. 1422; *Damas* v. *People,* 62 Col. 418; *Mitchell* v. *People,* 76 Col. 346; *Chisum* v. *State,* 50 S. W. 2d 321.)

*Frank S. Hogan, District Attorney* (*Whitman Knapp* and *Eugene A. Leiman* of counsel), for respondent. I. Guilt was established beyond a reasonable doubt. II. Bretagna's confession was properly received in evidence. (*People* v. *Mummiani,* 258 N. Y. 394; *People* v. *Lonergan,* 294 N. Y. 942, 972, 326 U. S. 772.) III. The refusal to charge on the subject of circumstantial evidence was proper. (*Sullivan* v. *United States,* 32 F. 2d 992; *Ossendorf* v. *United States,* 272 F. 257; *Mitchell* v. *People,* 76 Col. 346; *Moore* v. *State,* 193 Ga. 877; *People* v. *Costello,* 320 Ill. 79; *Evans* v. *State,* 199 Ind. 55; *Long* v. *State,* 77 Okla. Cr. 174; *Commonwealth* v. *Blanchard,* 345 Pa. 289; *Hill* v. *State,* 133 Tex. Cr. Rep. 92; *People* v. *Almodovar,* 291 N. Y. 628; *People* v. *Conroy,* 287 N. Y. 201.)

DESMOND, J. These defendants, tried together, were convicted of murder in the first degree and sentenced to death, for the killing of Benjamin Weiner, in New York City, on January 13, 1948. We conclude that the trial was properly conducted and that the jury was justified, on the proof before it, in finding both defendants guilty. We affirm the convictions but write this opinion to comment on a point of law argued by appellant Rosenberg only.

In addition to certain circumstantial and corroboratory testimony, the People put in evidence, as against Rosenberg, his confession made to police officers and an assistant district attorney. The Trial Judge, after charging the jury that the voluntary character and truth of that extrajudicial admission had to be established beyond a reasonable doubt, declined to give certain additional instructions requested by Rosenberg's counsel. Those requests were as follows:

" 1. There is no direct evidence in this case of the commission of the crime by defendant Rosenberg.

" 2. The People's evidence of the alleged commission of the crime by defendant Rosenberg is solely circumstantial.

" 3. The Court is requested to charge on the law of circumstantial evidence.

" 4. The testimony as to the alleged confession by Rosenberg is not direct evidence of the commission of the crime by him, but is merely proof of a circumstance, namely, that he admitted the commission of the crime."

This court does not seem ever to have answered, in so many words, the question posed by the above-quoted requests, that is, as to whether a confession, made out of court but proven on the trial, is circumstantial or direct evidence. However, our affirmances in *People* v. *Conroy* (287 N. Y. 201) and *People* v. *Almodovar* (291 N. Y. 628) when read with the trial records and briefs on appeal in those cases, necessarily mean that such confessions are not circumstantial evidence (our reference in the *Conroy Per Curiam* opinion, *supra,* to an inadvertent misstatement by the trial court that the case was not one of circumstantial evidence, did not mean that the confession was circumstantial evidence, but that the case actually contained much other proof of a circumstantial character).

Certain cases in other courts, and some of the text writers, say that confessions are direct evidence or " in the nature of direct evidence " (see *Kinard* v. *State,* 19 Ga. App. 624; *Pressley* v. *State,* 201 Ga. 267, 270; *Mitchell* v. *State,* 76 Col. 346, 348, 350; *People* v. *Costello,* 320 Ill. 79, 108; *Evans* v. *State,* 199 Ind. 55, 63; *Sullivan* v. *United States,* 32 F. 2d 992, 994; Underhill's Criminal Evidence [4th ed.], § 4; 22 C. J. S., Criminal Law, §§ 530, 816, subd. a). No decisions are found taking the opposite position (see 40 A. L. R. 571–573; 1917D L. R. A. 595).

This court, following Bouvier's definitions, has, in *Pease* v. *Smith* (61 N. Y. 477, 484–485) defined direct and circumstantial evidence as follows: " ' Evidence is direct and positive when the very facts in dispute are communicated by those who have the actual knowledge of them by means of their senses. * * * Circumstantial evidence is the proof of collateral facts, and differs from direct and *positive* proofs in that it never proves directly the fact in question.' " In other words, direct or positive evidence, as the term is commonly used, means statements by witnesses, directly probative of one or more of the principal, or " res gestæ " facts of the case, while circumstantial evidence puts before the tribunal facts which, alone or with others, are in some degree but indirectly, probative of one or more of those principal, or " res gestæ " facts, and from which one or more of

those principal facts may properly be inferred. Speaking most strictly, we would have to say that proof of an extrajudicial confession of guilt is not evidence at all, but a disclosure to the jury of an admission which renders other proof of guilt unnecessary (*People* v. *Hennessey,* 15 Wend. 147, 152), since it is an acknowledgment by the defendant, in express terms, of the fact of guilt. But, while it is thus not scientifically correct to call a confession " direct evidence ", nonetheless a confession is, of course, competent on the question of guilt; and confessions have, traditionally, been spoken of, and treated as, evidence (see *People* v. *Valletutti,* and cases cited, 297 N. Y. 226, 232), the reason for their reception being " the great probability that a party would not admit or state anything against himself or his own interest unless it were true " (*Cook* v. *Barr,* 44 N. Y. 156, 158). Since, if properly proved under the appropriate rules and accepted by the court and jury, it goes toward establishing not facts from which guilt may be inferred, but guilt itself, a confession of guilt by a defendant in a criminal cause, is not circumstantial evidence. Furthermore, the accepted rules (see *People* v. *Weiss,* 290 N. Y. 160, 163) as to the kind and strength of circumstantial evidence required to support a conviction for crime, have no logical application to confessions (see Morgan, Admissions and Hearsay Rule, 30 Yale L. J., 356–357).

Of course, an extrajudicial admission by a defendant, not amounting to a confession because not directly acknowledging guilt, but including inculpatory acts from which a jury may or may not infer guilt, is circumstantial, not direct evidence.

The judgments of conviction should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE and FULD, JJ., concur.

Judgments of conviction affirmed.