Chief Judge Desmond (dissenting).
Defendant’s statements were in no sense “confessions ”. In common speech as in law a confession is “an acknowledgment * * * in express terms, of the fact of guilt ”, “a direct acknowledgment of guilt made by the defendant in a criminal prosecution ” (Richardson, Evidence [8th ed.], § 331; People v. Bretagna, 298 N. Y. 323, 325, 326; People v. Harris, 306 N. Y. 345, 350). For the protection of this defendant, on trial for a repulsive crime, it was imperative that it be clear to the jury that defendant, while he had disclosed his version of the infliction of punishment on the boy, had “ confessed ” to nothing. Instead of explaining this, however, the court charged the jury as follows: “ The People have introduced into evidence certain oral and written statements made by the defendant immediately after he was apprehended, or arrested, or detained, whatever you want to call it. You are entitled to consider such statements, both oral and written, but it is for you to say whether you accept them as proof. A confession can be given in evidence, unless made under the influence of fear produced by threats, or unless made upon the stipulation of the District Attorney that the person making such confession shall not be prosecuted therefor—in other words, if he is being brought in and testifying himself, he cannot be prosecuted, he does not sign a waiver of immunity. That is what is meant by it. But it is not sufficient without additional proof that the crime charged has been committed. You can’t merely say that if a person signs a statement that he committed a certain crime, that in and of itself proves the commitment of that *390 crime. You know, you have read a great many instances in this country, or all over the World where someone has acknowledged that, he claimed he committed a certain crime, and it was subsequently found out that the person was never within miles of the scene of the crime, could not have committed it. Therefore, the Law very carefully says that this statement or confession itself must be tied up with other proof, in order to be effective. In other words, if a person says he committed a certain crime, that he made a statement under oath, a written statement even, that he committed a certain crime and in a certain place, that in and of itself is not sufficient. There must be other proof that the crime was actually committed and that the person committing the crime or confessing the crime was in the vicinity and could have committed the crime. As I told you before, you have heard of people who have confessed to crimes that they could not have, under any circumstances, have committed. Perhaps they did it out of some desire for some gain, publicity, or because of mental disorder, or some reason. They could not have committed it, and yet they so admitted that they did. There must be other evidence to connect the defendant with the actual commission of the crime by that same person. A free and voluntary confession deserves the highest credit because it is presumed to flow from the strongest sense of guilt, but a forced confession, by fear or promise.should be given no credit.”
Defendant’s counsel excepted to this part of the charge but the court did nothing to cure the error.
We are not concerned with the correctness of abstract propositions of law. The question is: What did all that talk about confessions mean to the jury when put to them as part of the rules for deciding this particular case? The repeated references to “ confession “ confessing ”, confessing the crime ”, “ statement that he committed a certain crime ”, “ claimed he committed a certain crime ’ ’, etc., etc., were not part of a lecture on law. The jury could not dismiss them as mere generalities unconnected with this trial. In context, they must have signified to the jury that there were confessions in the case and that the jury need only decide whe.th.er the confessions were involuntary or otherwise unreliable. There was no claim that the statements were coerced, and the boy’s death from trauma was undisputed, so there was nothing for the jury to do but to convict defendant. *391 With the issue of guilt so close (see People v. Peetz, 7 N Y 2d 147) this was a dire blow to the defense and an error most grave (see People v. Mleczko, 298 N. Y. 153,162).
As Professor Wigmore has written: “Exculpatory statements * * * cannot be confessions. This ought to be plain enough, if legal terms are to have any meaning ” (3 Wigmore, Evidence [3d ed.], § 821, p. 240). The difference was not made plain to this jury.
Entirely beside the point here are the cases cited as holding that such an error is to be disregarded. In two such decisions (People v. Doria, 281 App. Div. 918, and People v. Rhodes, 283 App. Div. 804) the judgments were reversed for this very error. In People v. Lewis (282 App. Div. 267, 272) there was no reversal since the Trial Judge had given “ rather careful attention to the limited value of the statement ’ ’, and the case was not a close one and the crime was clearly and fully established. The judgment in People v. Lee (4 N Y 2d 843) escaped reversal because there was no exception to the charge; the Appellate Division remarked in Lee that the trial court probably would have clarified the matter if asked to do so (4 A D 2d 770, 771). In the present case the court was asked to do so but did not.
The judgment should be reversed and a new trial ordered.
Judges Dye, Froessel, Van Voorhis, Burke and Foster concur with Judge Fuld ; Chief Judge Desmond dissents in a separate opinion.
Judgment affirmed.