■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE GIAMARIO and JOSEPH SPARACO, Appellants.— Appeal by defendants from judgments of the County Court, Westchester County, rendered April 2, 1962 after a jury trial, convicting them of robbery in the first degree (two counts), grand larceny in the first degree (two counts) and assault in the second degree, and imposing sentence. Judgments reversed on the law and a new trial granted as to both defendants. The findings of fact are affirmed. In our opinion, error was committed in the receipt of testimony by two witnesses that, prior to the trial, they had identified photographs of one or both of the defendants as perpetrators of the crimes alleged (*People* v. *Hagedorny,* 272 App. Div. 830; *People* v. *Hunter,* 12 A D 2d 835; *People* v. *Middleton,* 14 A D 2d 760). We are also of the opinion that the learned trial court erred in (a) charging the jury that if one defendant was found innocent, the other must also be acquitted (*People* v. *Vitucci,* 266 App. Div. 1013), and in (b) characterizing a statement made by one of the defendants in such a manner as to permit the inference by the jury that it was an admission of guilt (cf. *People* v. *Doria,* 281 App. Div. 918; *People* v. *Thomas,* 283 App. Div. 995). Although we are of the opinion that the identification of the defendants as perpetrators of the crimes charged was sufficient as a matter of law to present an issue for determination by the jury, it was not entirely satisfactory; and it may not be said

that the errors referred to did not affect defendants' substantial rights. A new trial is required in the interests of justice, even in the absence of objection or exception to some of the improprieties mentioned (cf. *People* v. *De Jésus*, 11 A D 2d 711; *People* v. *Mezzapella*, 19 A D 2d 729). Brennan, Rabin and Hopkins, JJ., concur; Beldock, P. J., and Christ, J., dissent and vote to affirm the judgments with the following memorandum: Defendants were convicted of the crimes specified which occurred during the armed holdup of a restaurant. At the trial, two officers of the corporation which owned the restaurant identified unequivocally both defendants. Defendant Giamario was identified as the man with the gun. One of the corporate officers was near that defendant for a period of between 5 and 15 minutes; the lights were lit in the restaurant when that defendant entered; and he was not masked. Defendant Sparaco, who was not masked, was about a foot or two from one of the People's witnesses, in the lit parking lot, for about three seconds. This defendant was about 10 feet away from the other witness for the People, looking through a window separating the partly lit parking area from the inside of the restaurant. About four or five days after the crimes were committed, one of the People's witnesses identified defendant Giamario from many photographs shown to him by a detective, and several days after that Sparaco was similarly identified. In view of the clear guilt of both defendants, it may not be said that the prior identification of both defendants from photographs was reversible error (*People* v. *Hernandez*, 10 N Y 2d 774). While it was error to charge that, if one defendant is found innocent the other must also be acquitted, such instruction was favorable to defendants in view of their guilt. Nor was the alleged characterization in the charge of a statement made by one of the defendants sufficient to permit an inference that it was an admission of guilt. Under all the circumstances, the interests of justice do not require a new trial.