6  The People of the State of New York, Respondent, v. Ronald Wright and John Cicatelli, Appellants.— Judgment affirmed. Error in the receipt of evidence as to pretrial identification of the defendants either by testimony by one other than the identifier or from pictures does not man-

date a reversal of the judgment of conviction. Error of such kind may be ignored where, as in the present case, the proof of guilt of the defendants is so overwhelming that there is no reasonable probability that the incompetent evidence affected the jury's verdict. (*People* v. *Caserta,* 19 N Y 2d 18; *People* v. *Hernandez,* 10 N Y 2d 774; *People* v. *Milburn,* 26 A D 2d 420; *People* v. *Kahigas,* 18 A D 2d 1064; *People* v. *Alexander,* 13 A D 2d 520; *People* v. *Chandler,* 19 A D 2d 577; Code Crim. Pro., § 542.) Identity here, while it may have been under stress, was not a matter of quick observation nor limited in any respect. The complainant positively identified the defendants from the witness stand as the bogus policemen who forced him into their car on a Sunday afternoon in September, 1964, and with the complainant seated between them, drove for a period of 15 minutes until complainant was ordered out of the car, in the meantime having been told to empty his pockets. Following the crime, complainant described what the men were wearing and said that one was " a white fellow and one was a negro fellow * * * one was short and stubby, another guy was medium built * * * that he was a fellow who had like little holes and splashes in his face." Each of the defendants testified in his own behalf. Wright on direct testified that at the time of his arrest he weighed 260 pounds and was 5 feet 9 inches tall. In these circumstances it cannot be said that there was any necessity on the part of the People to bolster the testimony as to identification. The challenged testimony added nothing to the case against defendants and accordingly the conviction should be affirmed. Concur — Steuer, J. P., Tilzer and Witmer, JJ.; Rabin, J., dissents in the following memorandum: The judgment of conviction should be reversed and a new trial ordered, since the trial court admitted improper prior identification testimony. One of the central issues in the case concerned the identification of the two defendants. Both defendants claimed to be elsewhere at the time of the commission of the crime and, indeed, defendant Wright produced several witnesses in an attempt to establish an alibi. However, the trial court permitted a detective to testify that he spoke with the complaining witness and " showed him a group of approximately 12 to 15 pictures ", and " asked him if he knew any of the people " and " he selected two of the pictures." Such testimony was clearly improper. (*People* v. *Cioffi,* 1 N Y 2d 70, 73; see, also, *People* v. *Trowbridge,* 305 N. Y. 471; *People* v. *Gould,* 25 A D 2d 160.) The court further admitted testimony from the complaining witness to the effect that he picked out two photographs. That was clearly equivalent to prior identification testimony, the nature of which was improper. The law of the State of New York prohibits a witness from testifying to his own pretrial identification of a defendant, from a photograph (*People* v. *Caserta,* 19 N Y 2d 18; *People* v. *Giamario,* 20 A D 2d 815, affd. 15 N Y 2d 939; *People* v. *Hagedorny,* 272 App. Div. 830). In the circumstances of this case the improperly admitted prior identification testimony must be presumed to be prejudicial.