■ · THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WHITE, Appellant.—Appeal from a judgment of the County Court of Schenectady County, rendered November 12, 1974, upon a verdict convicting the defendant of three counts of criminal possession of a forged instrument in the second degree and three counts of grand larceny in the third degree. The errors committed by permitting a witness to testify as to her prior identification of the defendant by means of photographs and a police officer to testify concerning such prior identification (People v Giamario, 20 AD2d 815, affd 15 NY2d 939) do not, in our judgment, mandate a new trial. The complaining witness, a bank teller, had the defendant under observation for about five minutes during which time the latter endorsed and cashed three checks one at a time. This procedure, she testified, was "different from anybody else's". The defendant was represented on the trial by experienced counsel who did not object to the testimony concerning prior identification by use of photographs, and it was at defense counsel's instance that the photo lineup comprising seven photographs were received in evidence. Thereafter, defense counsel conducted considerable cross-examination of both the complaining witness and the police officer concerning the photographs. It cannot be said, under such circumstances, that substantial rights of the defendant were prejudiced so as to warrant a new trial (People v Rivera, 28 AD2d 687; People v Wright, 27 AD2d 718). There is no merit to the claim that the actions of the Trial Judge in the course of the trial and of the People's summation deprived the defendant of a fair trial (cf. People v Palermo, 32 NY2d 222). We have examined defendant's other contentions and find them to be without merit. Judgment affirmed. Greenblott, J. P., Koreman, Main, Larkin and Reynolds, JJ., concur.