■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL PETER GREENWALDT, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered May 22, 1978, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the second degree. On August 29, 1978 John Giarrusso indorsed a forged check drawn on the account of the One Stop Travel Agency and cashed it while paying for an auto part at J. M. Steinhart's in the Town of Coeymans. The defendant was with Giarrusso at the time and was the person who had requested the auto part from the clerk in the store. Both defendant and Giarrusso were indicted on one count of criminal possession of a forged instrument in the second degree. Giarrusso pleaded guilty before trial. Defendant was convicted after trial and a persistent felony offender sentence was imposed with a maximum term of life and a minimum term of 15 years. The only direct evidence connecting defendant with the crime charged came from Giarrusso, who was called by the prosecution as a rebuttal witness after the defendant had testified that it was Giarrusso who purchased the auto part and that he, the defendant, had not noticed the form of payment used by Giarrusso. Giarrusso testified that it was the defendant who drew the check. Absent any other direct evidence showing defendant's guilt, the People's case necessarily relied heavily on circumstantial evidence. Susan Whittam, the assistant manager of the One Stop Travel Agency and the person with whom the defendant was living, testified that she had control over the store's checkbook and that both defendant and Giarrusso had access to the checks. She further testified that she had rented

an automobile for defendant's use, although both she and Giarrusso had driven the car. A typewriter and checkwriter found in the rented car's trunk were established as those used in forging the check passed at Steinhart's. Also found in the trunk were several blank and forged checks from the One Stop Travel Agency. A fingerprint expert testified that defendant's fingerprint was found on one of these blank checks. Finally, Officer Greeley of the State Police testified as to certain oral statements made by the defendant. It appears that Officer Greeley had gone to Whittam's apartment to question her concerning the theft of checks from One Stop Travel Agency. He had with him a regiscope photograph of Giarrusso taken in connection with alleged forgeries of stolen checks. Following Whittam's identification of Giarrusso in the photograph, Officer Greeley inquired whether she knew a companion of Giarrusso's named Paul. Whittam at first denied she knew Paul, but then admitted that defendant was in the bedroom of the apartment. Upon being discovered by Officer Greeley, defendant said to him "I want to make a deal with you." The trial court erroneously considered this statement made by defendant as a confession and charged the jury as follows: "Now, in this case, ladies and gentlemen, the People have offered in evidence certain oral statements claimed to have been made by the defendant to the police with respect to his participation in the offense charged. The People have submitted these in the belief that they should effect your verdict. But these statements must not be considered by you unless you first determine that the defendant made them voluntarily." After covering voluntariness, the trial court then instructed the jury with respect to corroboration of confessions: "Now, further with respect to confessions. If you decide to consider the statements of the defendant as a confession based on the law as I have instructed you, you must also know that according to our law a confession alone does not justify a verdict of guilty." A confession is an express acknowledgment of guilt by the defendant (see, e.g., *People v Bretagna,* 298 NY 323; see, also, Richardson, Evidence [10th ed], § 540, p 533), which constitutes the strongest evidence against the party making it *(Hopt v Utah,* 110 US 574). Improper characterizations of statements as confessions constitute prejudicial error *(People v Thomas,* 283 App Div 995; *People v Rhodes,* 283 App Div 804; *People v Doria,* 281 App Div 918). Although defense counsel failed to except or object to the erroneous charge given in this case (CPL 470.05, subd 2), this does not prevent us from considering the error on appeal when, in our discretion, the interest of justice requires such consideration (CPL 470.15, subd 6, par [a]; see *People v Giamario,* 20 AD2d 815, affd 15 NY2d 939). This court has held that, in deciding whether or not to reverse a criminal conviction due to a trial court's erroneous use of a confession charge, the entire record must be considered to determine the likelihood that the error affected the jury's verdict *(People v Lewis,* 282 App Div 267). The Court of Appeals has stated that the possibility of prejudice will vary with the degree to which the court's description of the defendant's statement departs from the facts *(People v Kingston,* 8 NY2d 384, 388). Applying these principles to the case at bar, we feel that the interest of justice requires that the judgment of conviction be reversed. At the time he made his statement to Officer Greeley, defendant had just been released from jail, was on parole and did not have permission to be in Albany County. His attempt to "make a deal" under these circumstances cannot be construed as an express acknowledgment of guilt of the crime he is charged with committing. Furthermore, the People did not establish the defendant's guilt by overwhelming proof. It was a close case, built almost entirely on circumstantial evidence from which

different inferences could be drawn. The trial court's charge must have signified to the jury that there was a confession in the case and that the jury need only decide whether the confession was involuntary or otherwise unreliable. There being no claim by the defendant that his statement was involuntary, there was nothing for the jury to do but convict. We thus conclude that the erroneous use of a confession charge by the trial court in this case had a substantial effect on the jury's verdict (see *People v Kingston, supra)* and deprived defendant of a fair trial. Accordingly, the judgment should be reversed as a matter of discretion in the interest of justice and a new trial ordered. Judgment reversed, as a matter of discretion in the interest of justice, and a new trial ordered. Mahoney, P. J., Sweeney, Kane and Mikoll, JJ., concur; Staley, Jr., J., not taking part.