■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL PETER GREENWALDT, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered January 17, 1979, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree and criminal possession of stolen property in the second degree. In September, 1977 the defendant took a number of blank checks from the back of a checkbook belonging to the One Stop Travel Center in Ravena, New York, apparently without the knowledge of the assistant manager of that agency, who kept the checkbooks in the apartment she and the defendant shared. On August 29, 1978, one John Giarrusso indorsed a forged check drawn on the account of the agency and cashed it with the defendant to pay for an auto part that the defendant had requested from the seller. As a result, both Giarrusso and the defendant were indicted on one count of criminal possession of a forged instrument in the second degree. Giarrusso pleaded guilty before trial, and the defendant was convicted after trial and, as a persistent felony offender, was sentenced indeterminately to a minimum term of 15 years and a maximum term of life. The defendant's conviction on this indictment was reversed by this court on November 8, 1979 *(People v Greenwaldt,* 72 AD2d 836), for the reason that the trial court erroneously considered the defendant's statement, made to an investigating State Police officer, that "I want to make a deal with you" as a confession and instructed the jury on the rules applicable to confessions. This court held that erroneous use of a confession charge in that case deprived the defendant of a fair trial. The conviction appealed from herein involves other checks obtained from the defendant's car when it was searched in Guilderland, New York, on September 8, 1977, which were also drawn on One Stop's account. The offenses herein are, therefore, separate and distinct from the one previously reversed by this court and the defendant's claim of double jeopardy in regard to his conviction appealed from herein is untenable (CPL 40.20; *People v Robinson,* 65 AD2d 896). The use at the defendant's trial, which resulted in the conviction appealed from herein, of the same incriminating statement, made by the defendant to the same investigating State Police officer at the time of the defendant's arrest, that "I want to make a deal with you", and the trial court's treatment of such statement as a confession, require a reversal of the defendant's

conviction for the same reasons announced in our prior decision in *People v Greenwaldt (supra)*. The judgment of conviction should be reversed on constraint of our decision in *People v Greenwaldt (supra)*. Judgment reversed, as a matter of discretion and in the interest of justice, and a new trial ordered. Greenblott, J. P., Kane, Staley, Jr., Mikoll and Casey, JJ., concur.