■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DUFFY, Appellant.—Levine, J.

After receiving anonymous telephone reports, the police found the victim dead, laying on the floor of her apartment, nude, with her arms and legs outstretched. A plastic bottle had been inserted in her vagina and a spatula in her rectum. It was determined that the cause of death was a fracture of the hyoid bone resulting from manual strangulation, and that cuts and scratches on the victim's breast had been inflicted postmortem with a sharp object. Defendant was identified as the anonymous caller and, after receiving proper *Miranda* warnings was questioned by the police. He gave inconsistent statements, at first denying having called the police department or having seen the victim on the morning in question, but then admitting to both and relating that he had found the victim dead in her apartment and then left immediately. Defendant subsequently told the police that he had remained in the victim's apartment for approximately 10 minutes, during which time he checked the victim's neck for a pulse, picked up a knife off of the floor and put it in the kitchen

sink, attempted to remove the spatula from the victim's body, and then left after wiping his fingerprints off of the doorknob. Defendant was indicted and charged with murder in the second degree. At the trial defendant's father-in-law testified that at a visit at the jail following his arrest, defendant told him that he had choked the victim. The County Coroner placed the time of death at between 3:00 A.M. and 5:00 A.M., and a bartender who worked at a bar in the vicinity of the murder testified that defendant left the bar at 3:20 A.M. and turned in the direction of the victim's apartment. The jury found defendant guilty of murder as charged and he was sentenced to an indeterminte term of 20 years to life in prison.

On appeal defendant contends that (1) the People failed to prove beyond a reasonable doubt that he intended to cause the victim's death; (2) reversal is mandated due to the prosecution's failure to notify defendant that it intended to use the statement he made to his father-in-law; (3) County Court erred in denying his challenge for cause to a prospective juror who allegedly had a personal relationship with the District Attorney; and (4) the court erred in failing to charge manslaughter in the second degree as a lesser included offense, and in charging the jury that defendant's statement to his father-in-law constituted direct evidence.

Defendant's claim that the People failed to prove intent beyond a reasonable doubt is without merit. When viewed in a light most favorable to the People *(People v Kennedy,* 47 NY2d 196, 203), the physical circumstances surrounding the victim's death, including the postmortem infliction of wounds, in conjunction with defendant's inconsistent statements to the police and his statement to his father-in-law, were more than sufficient for the jury to determine that defendant intended to cause the victim's death *(see, People v Lewis,* 64 NY2d 1111, 1114; *People v Ainsworth,* 106 AD2d 357, 358).

Defendant's assertion that his father-in-law was a police agent and that defendant therefore should have been notified prior to trial that the prosecution intended to use the statement made to him is unavailing. CPL 710.30 (1) provides that the prosecution must give a defendant notice of its intention to use a statement made to a public servant. Neither through cross-examination nor otherwise did defendant adduce any facts which would support the contention that his father-in-law was acting in concert with or at the behest of the police. Moreover, his father-in-law did not disclose defendant's state-

ment when questioned at the Grand Jury proceeding, a factor inconsistent with defendant's claim.

Regarding defendant's contention that County Court erred in denying his challenge for cause to a prospective juror, that the juror had met the District Attorney two to three times at social functions was not cause for automatic exclusion. Such a "nodding acquaintance" does not amount to a relationship that would preclude a juror from rendering an impartial verdict *(see,* CPL 270.20 [1] [c]; *People v Provenzano,* 50 NY2d 420, 424-425).

We are similarly unpersuaded by defendant's claim that reversal is required because of County Court's failure to charge manslaughter in the second degree as a lesser included offense. Given defendant's acts and the physical circumstances surrounding the victim's death, it cannot be said that a reasonable view of the evidence would support a finding that defendant acted recklessly rather than intentionally in causing the victim's death *(see, People v Weems,* 105 AD2d 763; *People v Hartley,* 103 AD2d 935, 936, *affd* 65 NY2d 703). Moreover, since the court did charge the lesser included offense of manslaughter in the first degree *(see, People v Hanley,* 87 AD2d 850, 851), which was rejected by the jury when it found defendant guilty of murder in the second degree, any error in failing to charge an even lesser offense was harmless *(see, People v Green,* 56 NY2d 427, 435-436).

Finally, defendant's contention that County Court erred in charging the jury that the statement made to his father-in-law was direct evidence is unavailing. Evidence is direct when the principal or res gestae facts of the case are " ' "communicated by those who have the actual knowledge of them by means of their senses" ' " *(People v Bretagna,* 298 NY 323, 325, *cert denied* 336 US 919; *Pease v Smith,* 61 NY 477, 485). Defendant's statement to his father-in-law to the effect that he choked the victim was not merely an indirect admission from which the commission of the criminal act could only be inferred but, rather, was the confession of an act which constituted a principal or res gestae fact *(see, People v Rumble,* 45 NY2d 879, 880-881; *People v Bretagna, supra; cf. People v Sanchez,* 61 NY2d 1022, 1023; *People v Kirk,* 112 AD2d 467, 469; *People v Burke,* 96 AD2d 971, 972, *affd* 62 NY2d 860). Accordingly, it constituted direct evidence.

For all of the foregoing reasons, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.