■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE EDWARDS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered April 16, 1987, convicting her of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal possession of a weapon in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Even if we were to accept the trial court's characterization of the defendant's pretrial statements as being mere "admissions" such that a circumstantial evidence charge might have been appropriate (see, *People v Bretagna*, 298 NY 323, 326; *People v Sanchez*, 61 NY2d 1022), the defendant neither requested a circumstantial evidence charge, nor excepted to the court's charge as given. The defendant's claim of error on this basis is therefore entirely unpreserved for appellate review (see, CPL 470.05 [2]; *People v Dawson*, 115 AD2d 612).

In any event, a review of the record leads us to conclude that the defendant's pretrial statements actually amount to a confession, despite the fact that the trial court characterized them as "admissions". A confession "is a voluntary, express acknowledgment by the accused that he engaged in conduct which constitutes the crime charged, or an essential part of it" (31 NY Jur 2d, Criminal Law, § 110, at 241; *see also,* Richardson, Evidence § 540, at 533 [Prince 10th ed]). The defendant admitted to the police that she had prevented the female victim from leaving the apartment to call the police. She further stated that when her boyfriend asked her for the knife that she had brought into the apartment, she gave it to him whereupon he then stabbed the female victim between 8 and 13 times. The stabbing occurred immediately after her boyfriend had shot the victim's male companion. The defendant also admitted that she took money from the apartment. Thus, the defendant clearly confessed to her participation in the murder and robbery. The defendant's confession was direct evidence of her guilt so that a circumstantial evidence charge was not required.

Moreover, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree (two counts) and robbery in the first degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

However, the defendant's conviction for criminal possession of a weapon in the second degree under the fifth count of the indictment must be vacated since the evidence adduced thereon was legally insufficient. While the evidence revealed that the defendant was aware that her boyfriend was carrying a gun at the time they entered the victims' apartment, there was no evidence that she actually or constructively possessed the weapon at any time prior to the murder *(see, People v Ortiz,* 107 AD2d 824). Although she briefly held the weapon after both victims had been fatally wounded, there is no evidence that at that time she had the intent to use it unlawfully against another *(see, People v Taylor,* 121 AD2d 581; Penal Law § 265.03).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.