OPINION OF THE COURT
John P. Collins, J.
This trial has raised an issue of what precisely is a confession as opposed to an admission. One would think that this is a well-settled area of the law. A reading of the cases indicates otherwise.
The defendant in this case is charged with two felony murders and an attempted murder. The indictments were consolidated for trial.
Kelly made three pretrial statements. Two of them concern felony murders. He stated essentially, that he acted in concert *555 with his brother and forcibly stole property from the two victims. It is undisputed that these two statements are confessions of Kelly’s participation in the two underlying robberies. In the third statement concerning the allegations of attempted murder, Kelly, in detailed remarks, indicates that he shot the victim but adds that he did not intend to do so. An inference can be drawn from his detailed remarks that the gun was fired by accident.
Should the jury be charged that the statement is an admission or a confession?
Certain consequences must follow depending on whether the statement is regarded as a confession or an admission. If it is a confession, then certainly CPL 60.50 regarding corroboration should be charged.[1] If it is regarded only as an admission, then it is circumstantial evidence and if there is no other direct evidence, a circumstantial evidence charge must be given.
In People v Sanchez (61 NY2d 1022, 1023), the Court of Appeals intimated that in certain circumstances (although it is unclear precisely what those circumstances are, other than "where the admission cannot be interpreted to establish the actual charge”) the choice can be left to the jury. The Court in Sanchez opines that if the trial court adopts such a procedure the jury must be given a full circumstantial evidence instruction in case the jury finds the statement to be an admission. Most would agree that such a solution is at best confusing to a jury and at worst fraught with danger.
The solution is for the court to declare to the parties whether it regards the statement as a confession or as an admission. The 1 CJI(NY) 7.55 commentary "goes the extra mile” inferring that the decision be made pretrial. When the District Attorney contends a confession exists, the commentary suggests that the defendant is entitled to a pretrial hearing to determine if the necessary corroboration — required by CPL 60.50 — exists.
If the trial court chooses incorrectly in labeling a statement a confession and so informs the jury, reversible error may well be committed (see, People v Greenwaldt, 72 AD2d 836).
*556 One therefore can appreciate the importance of correctly determining whether a statement is a confession or only an admission.
Some years ago a United States Supreme Court Justice stated that he could not define pornography but he knew it when he saw it.[2] The reverse is true as to the topic of confessions and admissions. There are a plethora of definitions but little agreement as to when a statement meets the terms of any one definition.
Among the definitions of a confession, one can find the following:
(1) A confession is an express acknowledgment of guilt. (People v Greenwaldt, 72 AD2d 836 [3d Dept], supra.)
(2) A confession is a voluntary express acknowledgment by the accused that he has engaged in conduct which constitutes the crime charged or an essential part of it. (People v Edwards, 147 AD2d 586 [2d Dept]; People v Alexander, 153 AD2d 507 [1st Dept].)
(3) A confession is a statement regarding an act which constitutes a principal or res gestae fact (People v Duffy, 124 AD2d 258 [3d Dept]; see, People v Rumble, 45 NY2d 879; People v Burke, 96 AD2d 971, affd 62 NY2d 860).
(4) A confession is a direct acknowledgment of guilt made by a defendant (Richardson, Evidence § 540 [Prince 10th ed]; People v Bretagna, 298 NY 323).
(5) A statement is not a confession unless it is a full and direct acknowledgment of all the elements of the crime. (Fisch, New York Evidence § 855; People v Williams, 121 AD2d 145 [4th Dept].)
(6) A confession is a statement interpreted by the fact finder as a relevant admission of guilt. (People v Rumble, 45 NY2d 879, supra.)
On the other hand, among the alternative definitions of an admission are found the following:
(1) An admission is a statement from which the commission of a criminal act can be inferred. (People v Duffy, 124 AD2d 258 [3d Dept], supra.)
(2) An admission is a declaration from which either alone or with other evidence guilt may be inferred (People v Greenwaldt, supra).
*557 There is even a degree of confusion as to whether confessions or admissions are direct or circumstantial evidence.
People v Bretagna (supra), a 1949 Court of Appeals case, was one of the first cases in that Court to tackle the issue of whether a confession is direct or circumstantial evidence. Judge Desmond, writing for the Court, stated that strictly speaking a confession or admission of guilt is neither direct nor circumstantial evidence citing People v Hennessey (15 Wend 147, 152). Recently, opinions of the Court of Appeals do refer to confessions as direct evidence and admissions as circumstantial evidence (see, People v Sanchez, supra). Admittedly, the matter is sometimes confused when an appellate court refers to an admission as direct evidence of guilt (see, People v Medina, 120 AD2d 749, 750 [2d Dept]).
The telling tale and the difficulty has arisen in the application of those definitions. A defendant’s statement, "I’m not responsible for what I did” was held to be only an admission (see, People v Rumble, 58 AD2d 900, 902 [3d Dept]) while the statement, "you guys know I did it, but I ain’t going to sign anything” (People v Montgomery, 101 AD2d 893, 894 [2d Dept]) was held to be a confession. "[I] choked the victim” — given after an earlier inconsistent statement — was held to be a confession (see, People v Duffy, supra, at 260). In People v Sanchez (supra), when the defendant said he was at the victim’s apartment and struck her after she called him names, the statement was held to be an admission.
Rarely does the court detail what is lacking that causes a statement to be regarded only as an admission. In the case of confessions, little is said detailing why and how the statement meets the marginal definition.
In the instant case — out of prudence — the court has declared the statement in question to be only an admission not a confession. In making this determination the court has chosen to use the Fisch definition, previously cited. Of all the definitions, it is the clearest, least amorphous and easiest to apply.
There is however one problem with the definition. If an acknowledgment of all elements of a crime are required for a statement to be regarded as a confession, then there must be a direct acknowledgment of intent as well. That such is required is confirmed by the opinion in People v Williams (supra). A statement of intent was lacking in Williams’ remarks as in the situation with Kelly’s remarks in the instant case.
In this court’s experience it has been rare that any state *558 ment ever includes a direct acknowledgment of intent. For proof of intent, the jury is usually advised that an inference may be drawn.
It is not the province of a Trial Judge to redraw Fisch’s definition but it might be well if the definition were to read: "A confession is a full and direct acknowledgement of all the actus reus (physical act) elements of the crime”.
If the requirements of the definition are met and a confession is regarded as direct evidence, intent could be proven by inference or circumstantial evidence. No circumstantial evidence charge would be necessary, in light of the direct evidence, the confession. CPL 60.50 would then be charged to the jury.

. CPL 60.50 provides "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.” Its purpose is to prevent the danger of one confessing and being convicted when no crime has been committed, (see, People v Murray, 40 NY2d 327).
1 CJI(NY) 7.55 comments that all of the cases in this State, relative to CPL 60.50, deal solely with confessions.

. See, Jacobellis v Ohio, 378 US 184,197.