■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT VELEZ, Appellant. [633 NYS2d 333] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered August 23, 1994, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that reversal is warranted on the basis of the trial court's charge which characterized the defendant's statements, if believed, as a confession. The defendant's challenge to the charge is unpreserved for appellate review (see, CPL 470.05 [2]; People v King, 158 AD2d 471, 472). In any event,

a person is criminally liable as an accomplice to robbery when (1) he intends that property be forcibly stolen, and (2) he solicits, requests, commands, importunes, or intentionally aids another person to forcibly steal property (see, Penal Law §§ 20.00, 160.00). Consistent with this Court's definition of a confession, the defendant's statements read together constituted a voluntary and express acknowledgement that he engaged in the robbery (see, People v Edwards, 147 AD2d 586, 587). This case is unlike People v Greenwaldt (72 AD2d 836), relied upon by the defendant, because in that case the defendant's statement to a police officer that "I want to make a deal with you" did not clearly refer to the crime he was charged with committing. In this case, the defendant's statements clearly inculpated him for the crime of robbery.

The defendant's remaining contentions are unpreserved for appellate review or without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.