■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDY D. GLOVER, Appellant. [616 NYS2d 128] —Judgment unan-

imously affirmed. Memorandum: The evidence, viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), is sufficient to support defendant's conviction of felony murder (Penal Law § 125.25 [3]), and the verdict is not contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). The evidence is also sufficient to establish that the shotgun used in the robbery was operable *(see, People v Maeweather,* 159 AD2d 1008, *lv denied* 76 NY2d 738). Because the evidence against defendant was both direct and circumstantial, a circumstantial evidence charge incorporating the moral certainty language was not required *(see, People v Daddona,* 81 NY2d 990, 992; *People v Barnes,* 50 NY2d 375, 380-381; *People v Lawrence,* 186 AD2d 1016, *lv denied* 81 NY2d 790).

County Court did not abuse its discretion in denying defendant's motion for a separate trial *(see, People v Mahboubian,* 74 NY2d 174, 183-184; *People v Treadwell,* 206 AD2d 861 [decided herewith]) or in limiting cross-examination of a prosecution witness concerning a bank robbery that the witness denied committing *(see, People v Chatman,* 186 AD2d 1004, *lv denied* 81 NY2d 761). The court properly refused to permit defendant to introduce an FBI videotape of that bank robbery to impeach the credibility of that witness *(see, People v Inniss,* 83 NY2d 653, 658; *People v Pavao,* 59 NY2d 282, 288-289). The court also properly refused to permit defendant to question prospective jurors with regard to their understanding of the presumption of innocence *(see,* CPL 270.15 [1] [c]; *People v Boulware,* 29 NY2d 135, 141, *cert denied* 405 US 995).

We reject defendant's challenges to the court's charge to the jury. The court properly instructed the jury on the crime of conspiracy *(see, People v McGee,* 49 NY2d 48, 57-58; *People v Goldsmith,* 127 AD2d 293, *lv denied* 70 NY2d 711) and responded meaningfully to the jury's inquiries regarding accessorial liability *(see, People v Almodovar,* 62 NY2d 126, 131). No missing witness charge was warranted *(cf., People v Kitching,* 78 NY2d 532; *People v Gonzalez,* 68 NY2d 424).

We have examined defendant's remaining contentions and find them to be lacking in merit. (Appeal from Judgment of Oneida County Court, Buckley, J.—Murder, 2nd Degree.) Present—Green, J. P., Balio, Lawton, Wesley and Boehm, JJ.