■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RADAY GONZALEZ, Appellant. [658 NYS2d 305] —Judgment, Supreme Court, New York County (Colleen McMahon, J.), rendered September 29, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 4$^1$/2 to 9 years and 3 to 6 years, respectively, unanimously affirmed.

In order to convict defendant of criminal sale of a controlled substance in or near school grounds (Penal Law § 220.44), the People were not required to prove that defendant knew that his sale of methadone took place upon school grounds, as defined in Penal Law § 220.00 (14), and the court properly refused to grant defendant's request to instruct the jury that such knowledge was an element of the crime. The "school grounds" element is clearly an aggravating factor, designed to increase the penalties for certain types of drug sales, and the structure of the statute is essentially the same as statutes in which the culpable mental state has been held inapplicable to an aggravating factor (*see, People v Mitchell,* 77 NY2d 624; *compare, People v Ryan,* 82 NY2d 497). In any event, there was overwhelming evidence that defendant knew that he sold methadone in a publicly accessible area within 1,000 feet of school property. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Andrias, JJ.