■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH WOOLRIDGE, Appellant. [707 NYS2d 634] —Judgment, Supreme Court, New York County (William Leibovitz, J.),

rendered February 18, 1998, convicting defendant, after a jury trial, of rape in the first degree and sexual abuse in the first degree, and sentencing him, as a persistent felony offender, to concurrent terms of 20 years to life and 15 years to life, respectively, unanimously affirmed.

The court properly exercised its discretion in imposing reasonable restrictions upon defendant's voir dire of prospective jurors (*see, People v Boulware*, 29 NY2d 135, *cert denied* 405 US 995). Defendant received a fair opportunity to question the panelists about all relevant matters. The court properly precluded defendant from asking panelists to commit themselves in advance to a particular view of hypothetical factual scenarios (*compare, People v Davis*, 248 AD2d 281, *lv denied* 91 NY2d 1006, *with People v Porter*, 226 AD2d 275) and from asking a misleading question about the presumption of innocence (*see, People v Glover*, 206 AD2d 826, *lv denied* 84 NY2d 935). There was nothing prejudicial about the remarks made by the court in connection with these rulings.

The court properly exercised its discretion in restricting defendant's cross-examination of the People's witnesses. Defendant received a full opportunity to elicit the eyewitness's criminal background and was permitted to explore his use of drugs to the extent relevant to his testimonial capacity (*see, People v Freeland*, 36 NY2d 518). The court properly precluded questions concerning the victim's arrests as opposed to convictions (*see, People v Morrison*, 195 NY 116).

The court properly declined to deliver a circumstantial evidence charge, and its reasonable doubt charge was completely appropriate. A circumstantial evidence charge was unwarranted because there existed both direct and circumstantial evidence to support both the rape and sexual abuse charges (*see, People v Roldan*, 88 NY2d 826). Although the victim was too intoxicated at the time of the incident to know what had happened to her, eyewitness testimony as to defendant's acts constituted direct evidence, notwithstanding that some of the People's evidence required the drawing of inferences (*see, People v Daddona*, 81 NY2d 990).

The remaining rulings by the court challenged on appeal were proper exercises of discretion. Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Friedman, JJ.