■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE QUINONES, Appellant. [730 NYS2d 429] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered February 4, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony of-

fender, to three concurrent terms of 6 to 12 years, unanimously affirmed.

The court properly declined to deliver a circumstantial evidence charge since the evidence against defendant consisted of both direct and circumstantial evidence (*see, People v Woolridge*, 272 AD2d 242).

The court properly declined to charge criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal possession of a controlled substance in the third degree. Viewing the evidence in a light most favorable to defendant, there was no reasonable view that he possessed the drugs found in his possession for any reason other than to sell them (*see, People v Barksdale*, 265 AD2d 223, *lv denied* 94 NY2d 877).

The court properly corrected the original misstatement in its charge regarding the requisite mental state required for a conviction of criminal sale of a controlled substance in or near school grounds (*see, People v Gonzalez*, 240 AD2d 255, *lv denied* 90 NY2d 1011). Concur—Nardelli, J. P., Williams, Tom, Andrias and Marlow, JJ.