■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY BATTLE, Also Known as THOMAS BATTLE, Appellant. [603 NYS2d 306] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered May 22, 1991, convicting defendant, after jury trial, of attempted murder in the second degree, robbery in the first degree, assault in the first degree, and criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 17 years to life on the attempted murder and robbery counts, and 10 years to life on the assault and weapon possession counts, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of the crimes charged was proven beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490). The jury's credibility determinations, not unreasonable, should not be disturbed by this Court *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

Defendant's claim that the trial court erred in failing to give a circumstantial evidence charge is not preserved for appellate review as a matter of law, as no such charge was requested, nor was any exception taken to the court's charge as given (CPL 470.05). In any event, contrary to defendant's argument on appeal, the evidence in this case was not wholly circumstantial, and thus a full circumstantial evidence charge was not required *(People v Devonish,* 159 AD2d 320, *lv denied* 76 NY2d 733). Although the victim was unable to identify defendant in a lineup procedure held months after the shooting, a by-stander observed defendant getting out of the back seat and into the driver's seat of the victim's automobile and then driving off moments after the shooting. That witness who knew defendant from the neighborhood identified defendant

both in a pretrial lineup and in court. Thus, the inferences to be drawn from the evidence establishing guilt were direct and compelling *(supra).*

The trial court properly denied defendant's motion for a mistrial on the speculative ground of juror partiality. After full inquiry of the juror in question, the trial court properly found that the juror's extremely limited pre-trial knowledge of the shooting herein did not render that juror unqualified, or affect his ability to be fair and impartial in this case *(see, People v Buford,* 69 NY2d 290, 299). We have considered defendant's additional *pro se* claims and find them to be without merit. Concur—Carro, J. P., Rosenberger, Kassal and Rubin, JJ.