■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON SINGLETON, Appellant. [958 NYS2d 131]—

Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered March 10, 2008, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 16 years, unanimously affirmed.

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence clearly established defendant's identity as the person who shot the victim, and there is no reasonable possibility that the actual assailant was a person who was seen running away with defendant after the shooting.

Only some of the ballistics evidence was properly admitted. Even if excessive, the ballistics evidence introduced by the People did not bear upon a disputed issue. Under the circumstances, we find that any error in admitting such evidence was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court properly received evidence relating to defendant's arrest in Maryland, several months after the shooting, for possession of an illegal knife. When stopped by the Maryland police, defendant gave false names, fled, and struggled violently

with the arresting officer. This behavior could be interpreted as evincing a consciousness of guilt concerning the instant charges, and any ambiguity was for the jury to consider (*see People v Yazum*, 13 NY2d 302, 304 [1963]). The jury could have reasonably concluded that defendant's conduct was primarily motivated by a fear of prosecution for the Bronx shooting, rather than fear of prosecution for merely possessing a knife.

The court properly declined to deliver a circumstantial evidence charge, since direct evidence as well as circumstantial evidence established defendant's guilt (*see People v Roldan*, 88 NY2d 826 [1996]). The testimony of the victim and an eyewitness provided direct evidence of defendant's guilt, even if some of the evidence required the drawing of inferences (*see e.g. People v Civilize*, 288 AD2d 8 [1st Dept 2001], *lv denied* 97 NY2d 703 [2002]; *People v Woolridge*, 272 AD2d 242 [1st Dept 2000]; *People v Battle*, 198 AD2d 112 [1st Dept 1993], *lv denied* 83 NY2d 802 [1994]). In any event, there is no reasonable possibility that the absence of a circumstantial evidence charge affected the verdict (*see People v Brian*, 84 NY2d 887, 889 [1994]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Clark, JJ.