People v Rattary (2020 NY Slip Op 01263)





People v Rattary


2020 NY Slip Op 01263


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11088 1357/16

[*1] The People of the State of New York, Respondent,
v
Jamain Rattary, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Jonathan McCoy of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered March 29, 2017, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of five years, unanimously affirmed.
The court properly declined to deliver a circumstantial evidence charge, because both direct and circumstantial evidence established defendant's guilt, even if some of the direct evidence required the drawing of inferences (see People v Roldan, 88 NY2d 826 [1996]; People v Singleton, 102 AD3d 517, 518 [1st Dept 2013], lv denied 21 NY3d 1020 [2013]). Although the victim's girlfriend did not testify, her undisputedly admissible 911 call, in which she unequivocally stated that defendant had just stabbed the victim and that the altercation was still in progress in her presence, constituted direct evidence. In addition, the bloody knife recovered in close proximity to defendant was direct evidence of criminal possession of a weapon. In any event, given the overwhelming direct and circumstantial evidence, there is no reasonable possibility that the absence of a circumstantial evidence charge affected the verdict (see People v Brian, 84 NY2d 887, 889 [1994]).
Defendant's challenges to the prosecutor's summation are unpreserved because defendant failed to object, only made general objections, or failed to request further relief after the court sustained his objections (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). To the extent the prosecutor's remarks could be viewed as shifting the burden of proof, the court's curative actions were sufficient to prevent any prejudice. The prosecutor did not vouch for witnesses, but responded to the defense summation with record-based arguments. In any event, nothing in the summation was so egregious as to deprive defendant of a fair trial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK