People v Santana (2022 NY Slip Op 05928)

People v Santana

2022 NY Slip Op 05928

Decided on October 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 20, 2022

Before: Gische, J.P., Kern, Gesmer, Scarpulla, Rodriguez, JJ. 

Ind No. 2301/17 Appeal No. 16496 Case No. 2019-03978 

[*1]The People of the State of New York, Respondent,
v
Frankie Santana, Defendant-Appellant.

Marianne Karas, Thornwood, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered May 28, 2019, convicting defendant, after a jury trial, of conspiracy in the fourth and sixth degrees and 12 counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of 12 years, unanimously affirmed.
The court properly denied defendant's motion to sever his trial from that of his codefendants. There was no claim of conflicting defenses, and the fact that the codefendants were charged with more serious crimes than defendant did not warrant a severance, particularly because evidence relating to the acts of the codefendants was admissible against defendant to prove conspiracy (see People v Council, 52 AD3d 222, 222 [1st Dept 2008], lv denied 11 NY3d 735 [2008]; People v De Los Angeles, 270 AD2d 196, 197-98 [1st Dept 2000], lv denied 95 NY2d 889 [2000]; People v Gonzalez, 251 AD2d 51, 53 [1st Dept 1998], lv denied 92 NY2d 982 [1998]). Furthermore, the trial court specifically instructed the jury to consider the evidence and charges against each defendant separately.
The court providently exercised its discretion in permitting the People to use a PowerPoint presentation during their opening statement. The content of the PowerPoint was within the bounds of what is proper for an opening statement, giving an overview of the evidence to be presented without including any commentary or otherwise prejudicial material (see People v Kurtz, 51 NY2d 380, 384 [1980], cert denied 451 US 911 [1981]). A PowerPoint presentation may be used as a visual aid in connection with closing arguments, provided that what is displayed would likewise be proper to present in the form of an oral statement (People v Williams, 29 NY3d 84, 89 [2017]; People v Anderson, 29 NY3d 69, 72 [2017], cert denied 138 S Ct 457 [2017]). The fact that the PowerPoint was used in connection with the People's opening statement, when facts were not yet in evidence, rather than their summation, when all the evidence would have already been admitted, does not warrant a different result, especially where the court advised the jurors that anything the prosecutor said during opening statements was "not evidence." The principle that permits visual aids during closing arguments is applicable to opening statements, where the People state what they intend to prove.
Defendant's claim that he was deprived of his right to be present during the discussion of several jury notes is unpreserved, and there was no mode of proceedings error exempt from preservation requirements. The only notes discussed in defendant's absence concerned ministerial matters such as sending exhibits to the jury (see People v Ziegler, 78 AD3d 545 [1st Dept 2010], lv denied 16 NY3d 838 [2011]).
The court providently exercised its discretion in denying defendant's mistrial motion, based on a comment in the prosecutor's summation that defendant [*2]claimed to have shifted the burden of proof. To the extent that the prosecutor's summation can be viewed as shifting the burden to defendant, the court delivered a prompt instruction clarifying that the burden of proof was solely on the prosecution (see People v Rattary, 180 AD3d 565, 566 [1st Dept 2020], lv denied 35 NY3d 973 [2020]). Defendant did not preserve any other challenges to the summation, or his constitutional claims relating to the other issues raised on appeal, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2022