People v Cruz (2023 NY Slip Op 00739)

People v Cruz

2023 NY Slip Op 00739

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Webber, J.P., Oing, González, Scarpulla, Rodriguez, JJ. 

Ind. No. 2301/17 Appeal No. 17289 Case No. 2019-03806 

[*1]The People of the State of New York, Respondent,
v
Erick Cruz, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Joseph Nursey of counsel), and Davis Polk & Wardwell LLP, New York (Garrett L. Cardillo of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil E. Ross, J.). rendered May 28, 2019, as amended September 27, 2019, convicting defendant, after a jury trial, of conspiracy in the second degree, conspiracy in the fourth degree (three counts), conspiracy in the sixth degree, criminal possession of a controlled substance in the first and third degrees and criminal sale of a firearm in the third degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed.
When presented with a note from the jury that it had come to a "standstill" on some charges, the trial court providently exercised its discretion in declining to read the entire Allen charge (Allen v United States, 164 US 492 [1896]) set forth in the Criminal Jury Instructions, while instead providing the jury with an abbreviated version. "[R]esponses to jury notes must be tailored to the circumstances at hand" (People v Aleman, 12 NY3d 806, 807 [2009]). Contrary to defendant's characterization, the jury did not represent that it was deadlocked, but only that it was at a "standstill" on "a couple of charges" (where numerous counts had been submitted) and asked for "help with how to proceed." This was the first note from the jurors that indicated they might be having difficulty harmonizing their respective opinions. The deliberations had not been particularly lengthy, given the duration of the trial and complexity of the charges. The court's request to the jury asking it to continue deliberations in an effort to reach a unanimous verdict was reasonable at that stage of the proceedings, when it otherwise appeared that the deliberations had been fruitful (People v Joyner, 176 AD3d 607, 608 [1st Dept 2019], lv denied 34 NY3d 1129 [2020]). The abbreviated instruction was sufficiently balanced and carried no risk of coercion.
Defendant's remaining arguments are similar to those arguments this Court previously rejected on a codefendant's appeal (People v Santana, 209 AD3d 566 [1st Dept 2022], lv denied 39 NY3d 988 [2022]), and we find no difference in circumstances or other reason to reach a contrary result. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023