OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*861 In this arson prosecution, the question whether the People’s case rested entirely on circumstantial evidence turned on the nature of the testimony of the People’s witness Robert Bennett. Though unable at trial to recall any prior conversations with the defendant, Bennett did testify that any statements he made during the Grand Jury presentation were true. The prosecutor then read into evidence Bennett’s Grand Jury testimony, in which he said that, in a conversation about the fire, he asked defendant whether he had covered his tracks, and that defendant answered, “yes, there was nothing to worry about, he had left nothing behind, no one would find anything.”
In arguing that a circumstantial evidence charge was required, defendant does not claim that because Bennett’s Grand Jury testimony was at best admissible for impeachment purposes it was necessarily circumstantial, and we do not address that issue. Defendant claims that his prior statements to Bennett were not direct acknowledgments of guilt and therefore constituted only circumstantial evidence. We agree. Whereas the defendant’s statement in People v Rumble (45 NY2d 879) (“I’m not responsible for what I did”) could itself be accepted by the fact finder as a direct admission that defendant had committed the act in issue, in the present case the Bennett testimony, even if accepted by the jury as relating to the crime charged, still required an inference that defendant had set the fire, and was therefore circumstantial evidence. “[A]n extrajudicial admission by a defendant, not amounting to a confession because not directly acknowledging guilt, but including inculpatory acts from which a jury may or may not infer guilt, is circumstantial, not direct evidence” (People v Bretagna, 298 NY 323, 326, cert den 336 US 919). Since the evidence was entirely circumstantial, the trial court erred in refusing to instruct the jury to apply the more rigorous circumstantial evidence standard.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.