OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted of two counts of robbery in the first degree following a jury trial. Eyewitness testimony showed that defendant and an accomplice were engaged in conversation prior to the robbery, and that during the course of the crime, defendant stood by "looking out” over the surrounding area while the accomplice robbed the two victims at knife-
 
 *827
 
 point. Police officers added proof that defendant and the accomplice fled the scene together and were apprehended a few blocks away.
 

 The Appellate Division affirmed defendant’s conviction, rejecting his argument that the People’s case rested solely on circumstantial evidence and that the trial court erred in denying the defense request for a circumstantial evidence instruction. A dissenting Justice at the Appellate Division granted leave to appeal, and we now affirm that Court’s ruling upholding the conviction.
 

 A defendant’s request for a circumstantial evidence instruction must be allowed when proof of guilt rests exclusively on circumstantial evidence
 
 (see, People v Barnes,
 
 50 NY2d 375, 380). This case involves direct evidence and, thus, does not qualify for the circumstantial evidence instruction. Eyewitness testimony, if believed by the jury, established that defendant engaged in acts which directly proved that at the very least he acted as a lookout while the crime was being committed
 
 (see, People v Daddona,
 
 81 NY2d 990, 992). Coupled with conduct before and after the actual commission of the crime, defendant’s accessorial guilt cannot be viewed as premised solely on circumstantial evidence. Thus, the instructional request was properly denied, and the Appellate Division order affirming the conviction should be sustained.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.