■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID RIVERA, Also Known as DAVID CRUZ, Respondent. [700 NYS2d 102] —Order, Supreme Court, Bronx County (Robert Cohen, J.), entered December 23, 1998, granting defendant's motion to dismiss the first six counts of the indictment, unanimously reversed, on the law, the motion denied, the dismissed counts reinstated, and the matter remanded for further proceedings.

The People presented to the Grand Jury defendant's written

and oral statements, through the testimony of a veteran police detective who had received them after administering appropriate *Miranda* warnings. These accounts described defendant's activities before and after the fatal shooting of a van driver on the afternoon of November 7, 1997. In both statements, defendant recounted that he and a friend nicknamed "Chocolate" had used-car parts which they had planned to sell, but which were too large for any ordinary car to carry. Unsuccessful in borrowing a suitable vehicle, they went to the parking lot of the Fine Fair Bronx shopping complex near Westchester and Fteley Avenues where Chocolate selected a white van as "the one we were going to take." Chocolate was armed with a 9 millimeter pistol which he showed to another acquaintance while they waited for the driver of the van to return. According to defendant, Chocolate directed him to go down the block and wait. From this vantage point, defendant saw Chocolate cross back and forth across the avenue, and a couple of minutes later saw the van exit the parking lot. As the van approached and defendant jumped in, Chocolate said, "I had to shoot the guy and I shot myself." Defendant explained in his written statement that Chocolate had been holding his unarmed victim when he fired the pistol, and the bullet passed through the victim's body and struck Chocolate's own hand. Forensic medical evidence established that the victim died en route to the hospital from an abdominal bullet wound. The statements described the balance of the day spent by the pair in selling the car parts as well as the headlights stripped from the stolen van.

The six dismissed counts included felony murder, robbery in the first and second degrees, and criminal possession of a loaded firearm. The remaining eight counts charged that defendant, about a month later, carjacked a family vehicle at gunpoint from a mother and two young children in the driveway of their private residence. When arrested during his escape from the carjacking, defendant was found in possession of the same gun used in the shopping mall murder.

Criminal Term dismissed the homicide-related counts on the ground that neither defendant's statements nor his possession of the murder weapon 34 days later established him as the shooter or participant in an intentional murder. The People urge reinstatement of the dismissed counts on the theory that defendant was a participant in the parking lot felony murder by acting as a lookout for Chocolate. Criminal Term rejected this position because defendant had been "down the next block" and "did nothing in furtherance of any alleged acts committed by Chocolate", and thus could not, as a matter of law, have

been criminally liable as an accessory. We disagree and reverse.

In *People v Jennings* (69 NY2d 103), the Court of Appeals crafted a two-pronged test for an indictment's evidentiary sufficiency: there must be evidence to establish (1) each element of the crime(s) charged, and (2) reasonable cause to believe that the accused committed the crime(s) charged. But what the motion court here overlooked was the further interdiction of *Jennings* that a reviewing court cannot trespass upon the second prong by "examin[ing] the adequacy of the proof to establish reasonable cause, since that inquiry is exclusively the province of the Grand Jury" (69 NY2d, at 115). The core of the motion court's dismissal rests upon its own assessment of the inference to be drawn from the statements—that defendant was too far away to function as an *effective* lookout. In doing so, the court improperly trespassed upon the Grand Jury's exclusive role, whose independent task it was to determine the proper inferences to be drawn from defendant's conduct as an integrated whole.

Furthermore, even at trial the People need not demonstrate that a lookout acted competently, but merely that he acted with the requisite mental culpability intentionally to aid the principal's criminal undertaking (Penal Law § 20.00; *People v Roldan*, 211 AD2d 366, *affd* 88 NY2d 826). Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Friedman, JJ.