■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR SANTIAGO, Appellant. [937 NYS2d 19]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant was properly convicted under both the automobile presumption (Penal Law § 220.25 [1]) and the theory of constructive possession (*see People v Caba*, 23 AD3d 291 [2005], *lv denied* 6 NY3d 810 [2006]).

Defendant did not preserve his arguments concerning the applicability of the automobile presumption, and we decline to review them in the interest of justice. As an alternative holding,

we also reject them on the merits. In the circumstances of this case, there was "a reasonably high degree of probability" (*People v Leyva*, 38 NY2d 160, 166 [1975]) that defendant's possession of a large quantity of drugs hidden in a vehicle followed from his presence in the vehicle.

The court properly declined defendant's request for a circumstantial evidence instruction. The case was not based on circumstantial evidence. Instead, it was based on direct evidence of defendant's presence in the car in close proximity to a large quantity of cocaine. From that evidence, the jury could infer possession under the automobile presumption, the theory of constructive possession, or both. The court properly instructed the jury on those theories, and there was no need for the court to give a circumstantial evidence charge as well (*see People v Vasquez*, 56 AD3d 378, 378-379 [2008], *lv denied* 12 NY3d 788 [2009]).

We perceive no basis for reducing the sentence.

This court's prior order (*People v Santiago*, 2011 NY Slip Op 60327[U] [2011]), which denied defendant's motion to unseal the minutes of a hearing conducted pursuant to *People v Darden* (34 NY2d 177 [1974]) and for related relief, is dispositive of defendant's remaining claims. In any event, there is no reason to revisit our prior determination. Concur—Tom, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.