[3 NE3d 1137, 980 NYS2d 889]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR SANTIAGO, Appellant.

Argued October 17, 2013; decided November 26, 2013

*Steven Banks, The Legal Aid Society,* New York City (*Svetlana M. Kornfeind* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney,* New York City (*Beth Fisch Cohen* and *Patrick J. Hynes* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed and a new trial ordered.

During a drug surveillance operation in Manhattan, police pulled over a minivan. There is no dispute that the stop and subsequent search were lawful. Codefendant Andy Alba was the owner and driver of the minivan, defendant Hector Santiago was in the front passenger seat and a third person—the surveillance target—was in the rear seat. A search of the vehicle uncovered a brick of cocaine hidden in a locked compartment under the front passenger floor mat. The officer discovered the "trap" only after he removed the mat and noticed that there was something "irregular" about the carpeting in that area. Defendant subsequently stipulated that the cocaine weighed more than eight ounces.

At trial, the court instructed the jury on constructive possession (Penal Law § 10.00 [8]) and the automobile presumption (Penal Law § 220.25 [1]), but denied defendant's request for a circumstantial evidence charge. The jury convicted defendant of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), and the Appellate Division affirmed (91 AD3d 506 [1st Dept 2012]). A Judge of this Court granted defendant leave to appeal (19 NY3d 1000 [2012]), and we now reverse.

It is well established that a "defendant's request for a circumstantial evidence instruction must be allowed when proof

of guilt rests exclusively on circumstantial evidence" (*People v Roldan*, 88 NY2d 826, 827 [1996]). Constructive possession can be proven directly or circumstantially, and the necessity of a circumstantial evidence charge should be resolved on a case-by-case basis. In this case, the proof connecting defendant to the drugs was wholly circumstantial. Defendant was not the owner or driver of the vehicle, nor was he the target of the surveillance operation, and there was no direct evidence that he was aware of the hidden compartment or that he exercised dominion and control over the concealed cocaine (*see People v Brian*, 84 NY2d 887, 889 [1994]; *People v Griffin*, 9 AD3d 841, 843-844 [4th Dept 2004]; *compare People v Perez*, 259 AD2d 274, 274-275 [1st Dept 1999]).* Moreover, this is not a case in which the error can be deemed harmless.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order reversed and a new trial ordered, in a memorandum.

[2 NE3d 925, 979 NYS2d 557]

* Contrary to the People's assertion, proof by direct evidence of the nature and weight of the controlled substance does not render the circumstantial evidence charge unnecessary. The charge is required where, as here, the only proof that defendant committed the crime charged was circumstantial.