■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLASSANE DIOP, Appellant. [5 NYS3d 870]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered May 12, 2011, convicting defendant, after a jury trial, of grand larceny in the third degree, and sentencing him to a term of two to six years, with restitution in the amount of $15,530, unanimously affirmed.

The court properly declined to deliver a circumstantial evidence charge, because the People's case was not based entirely on circumstantial evidence, notwithstanding the fact that the jury was called upon to draw certain inferences (*see People v Roldan*, 88 NY2d 826 [1996]; *People v Daddona*, 81 NY2d 990 [1993]). Among other things, there was direct evidence that defendant collected cash from his employer's clients, which the employer never received, as required. Moreover, defendant made a damaging admission.

The court properly exercised its discretion in admitting uncharged crime evidence tending to show defendant's prior misappropriation of $750 from his employer. Given the fact

pattern, this evidence was probative of defendant's intent (*see People v Alvino*, 71 NY2d 233, 242, 245 [1987]). The evidence was also properly admitted since it tended to show a common scheme or plan (*see People v Kampshoff*, 53 AD2d 325, 335 [4th Dept 1976], *cert denied* 433 US 911 [1977]), and it demonstrated how defendant committed the charged crime. The probative value of this evidence exceeded any prejudicial effect.

Although the prosecutor's cross-examination of defendant about being in debt was inappropriate, we find the error to be harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing the sentence. Concur— Sweeny, J.P., Andrias, Manzanet-Daniels and Clark, JJ.