This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------

No. 159
The People &c.,
            Respondent,
        v.
Pettis Hardy,
            Appellant.


            Eunice C. Lee, for appellant.
            Jared Wolkowitz, for respondent.


FAHEY, J.:

        The primary issue on this appeal is whether a
surveillance video showing defendant rifling through and then
walking off with the victim's purse constitutes direct evidence
of his guilt of larceny, despite the fact that defendant offered
an alternative explanation for his behavior.  We hold that the

- 1 -

surveillance video constituted direct evidence of defendant's guilt, and that no circumstantial evidence charge was required. A particular piece of evidence is not required to be dispositive of a defendant's guilt in order to constitute direct evidence.

I.

Defendant was employed as a security guard at a nightclub in Manhattan in February 2011. The victim was also at the club on the night in question, working as a stylist at a music video shoot hosted by the club. As the victim drove home, she realized she did not have her purse with her. She called the club, but her bag was not located. In an attempt to locate the purse, the general manager of the club viewed surveillance video from that night.

That surveillance video shows that defendant sat down on a couch next to the victim, positioning himself between her and her purse. Defendant then picked up the purse from the couch and put it underneath him, out of view. When the victim and her friends had left that area of the nightclub, defendant picked up the purse again and began rifling through its contents. He looked through the bag for over a minute. The video then shows defendant walking out of that area of the club with the purse in his hand.

Another camera angle shows that defendant briefly exited the club a minute later. At that point, defendant did not appear to be holding the purse in his hand. The victim and her

friends were standing a few feet away from the door, and upon exiting the club in close proximity to the victim and her friends, defendant immediately went back inside.  A different camera angle shows that defendant then assisted in picking up trash inside the club, also without the purse in his hand.

Another employee of the security group for which defendant was working also viewed the surveillance video, and he testified at trial that he called defendant to confront him.  At first, defendant denied any knowledge of the purse, but when the witness told defendant that he had seen the surveillance video, defendant responded, "I don't have it, but I can get it."

Defendant was charged with four counts of grand larceny in the fourth degree (Penal Law § 155.30 [4]) and one count of petit larceny (§ 155.25).  During the ensuing jury trial, defendant requested that the trial court instruct the jury with the standard Criminal Jury Instructions charge on circumstantial evidence.  The court refused, holding that the case was not "based entirely on circumstantial evidence."[1]

The jurors deliberated for some time and sent out two notes stating that they were unable to reach a unanimous verdict. On both occasions, defendant requested a mistrial.  The court

---

[1]     The court did instruct the jury with a modified circumstantial evidence charge, which the court stated it generally provided when the case was based on both direct and circumstantial evidence.  Inasmuch as we hold that the court was not required to give any circumstantial evidence charge, the language of the modified charge is irrelevant on this appeal.

denied those requests, and instead delivered first a modified Allen charge and then a full Allen charge (see generally Allen v United States, 164 US 492, 501 [1896]).  The jury found defendant guilty as charged.

A unanimous Appellate Division affirmed (115 AD3d 511 [1st Dept 2014]).  The Appellate Division held that the trial court "properly declined to provide a circumstantial evidence charge, since there was both direct and circumstantial evidence of defendant's guilt, notwithstanding that defendant's intent was a matter to be inferred from the evidence" (id. at 512).  The Court also rejected defendant's contention that the trial court abused its discretion in denying his requests for a mistrial, noting that "[a]lthough the trial was relatively short and simple, at each of the two junctures the circumstances indicated that further deliberations might be fruitful" and that "neither of the jury's notes was indicative of a hopeless deadlock" (id.).

A Judge of this Court granted defendant leave to appeal (23 NY3d 1037 [2014]).  We now affirm.

II.

It is well settled that a trial court must grant a defendant's request for a circumstantial evidence charge when the proof of the defendant's guilt rests solely on circumstantial evidence (see People v Santiago, 22 NY3d 990, 991-992 [2013]; People v Roldan, 88 NY2d 826, 827 [1996]; People v Brian, 84 NY2d 887, 889 [1994]).  By contrast, where there is both direct and

circumstantial evidence of the defendant's guilt, such a charge
need not be given (see Roldan, 88 NY2d at 827; People v Barnes,
50 NY2d 375, 380 [1980]).

We agree with defendant that his statement to the
prosecution witness that he did not have the purse but could get
it was not direct evidence of his guilt.  A defendant's statement
is direct evidence only "if it constitutes 'a relevant admission
of guilt' " (People v Guidice, 83 NY2d 630, 636 [1994], quoting
People v Rumble, 45 NY2d 879, 880 [1978]; see People v Licitra,
47 NY2d 554, 558-559 [1979], rearg denied 53 NY2d 938 [1981]).
For example, where the defendant was charged with assault under
an accomplice liability theory, and the defendant's statements
consisted of admissions that "he 'sent two guys to break [the
victim's] legs' " and " 'put [the victim] in the hospital,' " we
held that the defendant's statements constituted direct evidence
of his guilt (Guidice, 83 NY2d at 636).

By contrast, where the defendant makes an admission
that merely "includ[es] inculpatory acts from which a jury may or
may not infer guilt," the statement is circumstantial and not
direct evidence (People v Burke, 62 NY2d 860, 861 [1984]
[internal quotation marks omitted]; see People v Sanchez, 61 NY2d
1022, 1023 [1984]).  For example, where the defendant was accused
of arson, and the defendant told a prosecution witness who asked
whether the defendant had "covered his tracks" that "there was
nothing to worry about, he had left nothing behind, [and] no one

would find anything," we held that the defendant's statements were circumstantial evidence, inasmuch as they "still required an inference that [the] defendant had set the fire" (Burke, 62 NY2d at 861 [internal quotation marks omitted]).

Here, defendant's statement -- that he did not have the purse but could get it -- was not a direct admission of his guilt of larceny.  Rather, defendant's statement was also consistent with an inference that although he did not steal the purse, he knew where the purse was located and thought he could obtain it.  Inasmuch as his statement merely included inculpatory facts from which the jury may or may not have inferred guilt, his statement was circumstantial rather than direct evidence (see Burke, 62 NY2d at 861).

We agree with the People, however, that the surveillance video constituted direct evidence of defendant's guilt of larceny.  The "taking" element of larceny "is satisfied by a showing that the thief exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights" (People v Jennings, 69 NY2d 103, 118 [1986]; see People v Olivo, 52 NY2d 309, 318 [1981], rearg denied 53 NY2d 797 [1981]).  "Thus, a shoplifter who exercises dominion and control over the goods wholly inconsistent with the continued rights of the owner can be guilty of larceny even if apprehended before leaving the store" (People v Robinson, 60 NY2d 982, 983-984 [1983], citing Olivo, 52

NY2d 309).

Here, the surveillance video shows defendant hiding the purse from the victim's view, waiting until she and her friends had left the area to rummage through its contents, and then picking it up and walking out of the area while holding it in his hand. The video is therefore direct evidence of a taking, inasmuch as the video requires no inference to conclude that defendant exercised dominion and control over the purse, however temporary, in a manner that was wholly inconsistent with the victim's continued rights as the owner (see Jennings, 69 NY2d at 118).

Defendant contends that because he presented evidence at trial that he had been authorized as part of his security duties to move purses and other items off of the back bar of the club, the video does not constitute direct evidence of a taking. Defendant's theory is that the jury could have also inferred from the video that he was merely moving the purse to another location inside the club, consistent with his job duties. We are unpersuaded.

This Court has described circumstantial evidence as evidence that " 'never proves directly the fact in question' " (People v Bretagna, 298 NY 323, 325 [1949], cert denied 336 US 919 [1949], reh denied 336 US 922 [1949], quoting Pease v Smith, 61 NY 477, 485 [1875]). By contrast, the surveillance video constitutes direct evidence because it requires no inference to

establish the taking element of a larceny.  The fact that
defendant offered the jury an alternative explanation of his
behavior, one that was inconsistent with larcenous intent, does
not change the character of the evidence from direct to
circumstantial.  Furthermore, a particular piece of evidence is
not required to be wholly dispositive of guilt in order to
constitute direct evidence, so long as it proves directly a
disputed fact without requiring an inference to be made.  In
other words, even if a particular item of evidence does not
conclusively require a guilty verdict, so long as the evidence
proves directly a fact in question, the evidence is direct
evidence of guilt.  Inasmuch as the proof against defendant
consisted of both direct and circumstantial evidence, the trial
court was not required to provide a circumstantial evidence
charge to the jury (see Roldan, 88 NY2d at 827; Barnes, 50 NY2d
at 380).

III.

Finally, we reject defendant's contentions that the
trial court abused its discretion as a matter of law in refusing
to grant his requests for a mistrial and that the trial court's
procedure coerced the jury into delivering a verdict.  "It is
well settled that a trial judge's determination regarding the
declaration of a mistrial on jury deadlock grounds involves the
exercise of judicial discretion" (Matter of Rivera v Firetog, 11
NY3d 501, 507 [2008], cert denied 556 US 1193 [2009]; see People

v Baptiste, 72 NY2d 356, 360 [1988]).  Trial courts are " 'best
situated to take all circumstances into account and determine
whether a mistrial is in fact required in a particular case' "
(Matter of Owen v Stroebel, 65 NY2d 658, 660 [1985], cert denied
474 US 994 [1985], quoting Matter of Plummer v Rothwax, 63 NY2d
243, 250 [1984]).  A trial court's decision as to whether to
grant a mistrial is therefore entitled to "great deference"
(Rivera, 11 NY3d at 507; Baptiste, 72 NY2d at 360; Plummer, 63
NY2d at 250).

        We cannot say that the trial court abused its
discretion as a matter of law in refusing to grant defendant's
mistrial requests.  We agree with the Appellate Division that
although the trial was not lengthy, "at each of the two junctures
the circumstances indicated that further deliberations might be
fruitful," and "neither of the jury's notes was indicative of a
hopeless deadlock" (Hardy, 115 AD3d at 512).  Moreover, the trial
court's procedures were not coercive.  The court's Allen charges
were appropriately balanced and informed the jurors that they did
not have to reach a verdict and that none of them should
surrender a conscientiously held position in order to reach a
unanimous verdict (cf. People v Aponte, 2 NY3d 304, 308-309
[2004]).

        Accordingly, the order of the Appellate Division should
be affirmed.

* * * * * * * * * * * * * * * * *

Order affirmed.  Opinion by Judge Fahey.  Chief Judge Lippman and
Judges Pigott, Rivera, Abdus-Salaam and Stein concur.

Decided November 18, 2015