■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE PARIS, Appellant. [27 NYS3d 38]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered December 20, 2012, convicting defendant, after a jury trial, of assault in the first degree and three counts of attempted robbery in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Moreover, there was overwhelming evidence supporting the elements of each crime.

The court properly exercised its discretion in denying defendant's mistrial motion, made after the prosecutor asked a witness if she was afraid. Defendant's objection was sustained, the question was never answered, and the court's curative actions were sufficient (*see People v Santiago*, 52 NY2d 865 [1981]). All of defendant's remaining claims of prosecutorial misconduct, including those relating to examination of witnesses, summation, and compliance with statutory and constitutional disclosure obligations, are unpreserved or otherwise procedurally defective, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

Based on the factors discussed in *People v Foy* (32 NY2d 473 [1973]), we find that the court properly exercised its discretion in denying defendant's request for a continuance during trial. Their was no impairment of defendant's right to present a defense. Defendant's claim that he was deprived of his right to testify is entirely without merit, because the record is clear that he did not wish to testify. We also reject defendant's claim that the court deprived him of an opportunity to elicit evidence in an effort to provide "context" for recorded phone calls in which he admitted his guilt.

Defendant was not entitled to either a circumstantial evidence charge (*see People v Hardy*, 26 NY3d 245 [2015]), or a missing witness charge (*see People v Gonzalez*, 68 NY2d 424, 427-428 [1986]). Defendant's challenge to the court's charge on accomplice corroboration (*see* CPL 60.22) is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the court should not have listed a nontestifying codefendant along with the testifying accomplices in its explanation of accomplice status as a matter of law. However, the error was harmless in light of the court's proper charge on the prosecution's burden to prove beyond a reasonable doubt that defendant acted in concert with the codefendant, as well as the overwhelming evidence of defendant's accessorial liability.

Defendant's Confrontation Clause argument is without merit. A detective's testimony that defendant's girlfriend handed him defendant's cell phone was not admitted for the purpose of proving defendant's ownership of the phone. That fact was established by other evidence.

After an appropriate discussion with a juror who had called out an inquiry regarding the trial schedule to the prosecutor, the court properly denied defendant's request that the juror be excused (*see People v Lewie*, 17 NY3d 348 [2011]).

The argument that defendant characterizes as a claim of ineffective assistance of counsel is essentially a claim of prejudice arising from the conduct of the prosecutor and the rulings of the court. We find this claim unavailing. Concur—Sweeny, J.P., Richter, Manzanet-Daniels and Gische, JJ.