People v Musayelyan (2019 NY Slip Op 07287)





People v Musayelyan


2019 NY Slip Op 07287


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2015-11178
 (Ind. No. 3017/14)

[*1]The People of the State of New York, respondent,
v
Yevhen Musayelyan, appellant.


Janet E. Sabel, New York, NY (Svetlana M. Kornfeind of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, and Sullivan & Cromwell LLP [Yuliya Neverova], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn Laporte, J.), rendered October 1, 2015, convicting him of operating a motor vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192(3), reckless driving, and violation of Vehicle and Traffic Law § 1128(a), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of reckless driving beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Romero, 7 NY3d 633, 644). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (see id. at 644).
Since the evidence adduced to establish the elements of operating a motor vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192(3) was supported by the direct testimony of the arresting police officers, a circumstantial evidence charge was not required (see People v Hardy, 26 NY3d 245, 249; People v Roldan, 88 NY2d 826, 827; People v Daddona, 81 NY2d 990, 992; People v Duffin, 28 Misc 3d 126[A], 2010 NY Slip Op 51174[U] [App Term, 9th & 10th Jud Dists 2010]).
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court