People v Rottela (2021 NY Slip Op 03337)





People v Rottela


2021 NY Slip Op 03337


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-09185
 (Ind. No. 18-00456)

[*1]The People of the State of New York, respondent,
v
Jesus Rottela, appellant.


Trachte Law Office PC, Newburgh, NY (Kenyon C. Trachte of counsel), for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered July 17, 2019, convicting him of possessing a sexual performance by a child (eight counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
During the execution of a search warrant at residential property occupied by the defendant and another person, the defendant made statements to law enforcement officials, including statements identifying a first-floor room as the room in which he resided. Two computers were recovered from the first-floor room that contained images of child pornography. After a nonjury trial, the defendant was convicted of eight counts of possessing a sexual performance by a child. The defendant appeals.
The County Court erred in denying suppression of the defendant's statements to law enforcement officials identifying the room in which he resided. Contrary to the court's determination, the People failed to establish that the information contained in the defendant's statements constituted pedigree information under the circumstances of this case (see People v Rodney, 85 NY2d 289, 292-294; People v Crawford, 163 AD3d 986, 987; People v Buza, 144 AD3d 1495, 1497). However, the error was harmless beyond a reasonable doubt, as there was overwhelming evidence establishing that the defendant resided in the first-floor room and that he used the computers recovered therein. In light of the evidence adduced at trial, there is no reasonable possibility that the error in admitting the defendant's statements contributed to his convictions (see People v Crimmins, 36 NY2d 230, 237; People v Crawford, 163 AD3d at 987; People v Hiraeta, 117 AD3d 964, 964-965). Moreover, in light of the foregoing, the defendant's contention that the court should have granted his motion to reopen the suppression hearing has been rendered academic.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Webster, 153 AD3d 733, 733; People v Brown, 240 [*2]AD2d 587, 587-588). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant was guilty of all eight counts of possessing a sexual performance by a child (see Penal Law § 263.16; People v Kent, 19 NY3d 290, 304; People v Henry, 166 AD3d 1289, 1290). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those eight counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645).
The defendant's contention that he was deprived of his constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding would be the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court