People v Francis (2022 NY Slip Op 03611)

People v Francis

2022 NY Slip Op 03611

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND WINSLOW, JJ.

284 KA 17-00494

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DYQUAUN J. FRANCIS, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 21, 2017. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree and unlawful possession of marihuana. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and unlawful possession of marihuana (former § 221.05). We affirm.
Viewing the evidence in light of the elements of the crime of criminal possession of a weapon in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to that crime (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see People v Metales, 171 AD3d 1562, 1564 [4th Dept 2019], lv denied 33 NY3d 1107 [2019]).
Defendant's contention that Supreme Court erred in its Molineux ruling with respect to evidence of an uncharged crime is not preserved for our review because defendant did not challenge that evidence in opposition to the People's application to introduce Molineux evidence or otherwise object to the admission thereof (see People v Green, 196 AD3d 1148, 1150 [4th Dept 2021], lv denied 37 NY3d 1096 [2021], reconsideration denied 37 NY3d 1161 [2022]; People v Finch, 180 AD3d 1362, 1363 [4th Dept 2020], lv denied 35 NY3d 993 [2020]) and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We reject defendant's related contention that defense counsel was ineffective for failing to object to the introduction of that evidence. "[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's" failure to object to the Molineux evidence, and defendant failed to meet that burden (People v Conley, 192 AD3d 1616, 1620 [4th Dept 2021], lv denied 37 NY3d 1026 [2021] [internal quotation marks omitted]; see also People v Williams, 107 AD3d 1516, 1516-1517 [4th Dept 2013], lv denied 21 NY3d 1047 [2013]). Nor was defense counsel ineffective for failing to request a circumstantial evidence charge. "It is well settled that a trial court must grant a defendant's request for a circumstantial evidence charge when the proof of the defendant's guilt rests solely on circumstantial evidence" (People v Hardy, 26 NY3d 245, 249 [2015]). "By contrast, where there is both direct and circumstantial evidence of the defendant's guilt, such a charge need not be given" (id.). Here, given the officers' testimony regarding their observations of defendant, a circumstantial evidence charge was not required (see generally People v Lawrence, 186 AD2d 1016, 1016-1017 [4th Dept 1992], lv denied 81 NY2d 790 [1993]) and, therefore, defense counsel was not ineffective for failing to request it (see People v Smith, 145 [*2]AD3d 1628, 1630 [4th Dept 2016], lv denied 31 NY3d 1017 [2018]).
Finally, defendant's sentence is not unduly harsh or severe.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court