People v Hayon (2022 NY Slip Op 07245)

People v Hayon

2022 NY Slip Op 07245

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2018-06693
 (Ind. No. 2039/16)

[*1]The People of the State of New York, respondent,
v
Joseph Hayon, appellant.

Patricia Pazner, New York, NY (Brandon Kronstat of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jordan Cerruti of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny Chun, J.), rendered January 31, 2018, convicting him of possessing a sexual performance by a child (94 counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of 94 counts of possessing a sexual performance by a child. At trial, the People presented evidence that, pursuant to a search warrant, the police recovered, inter alia, a Dell XPS desktop computer from the defendant's residence and, pursuant to a separate search warrant, recovered, among other things, a Dell Optiplex desktop computer from the defendant's place of employment. A forensic analysis of the hard drives of the two computers recovered, inter alia, 70 images and 24 videos depicting child pornography.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of the 94 counts of possessing a sexual performance by a child (Penal Law § 263.16; see People v Kent, 19 NY3d 290, 304; People v Rotella, 194 AD3d 1079, 1080). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645).
A court must grant a defendant's request for a circumstantial evidence charge when the proof of guilt rests solely on circumstantial evidence (see People v Hardy, 26 NY3d 245, 249; People v Santiago, 22 NY3d 990, 991). "Constructive possession can be proven directly or circumstantially, and the necessity of a circumstantial evidence charge should be resolved on a case-by-case basis" (People v Santiago, 22 NY3d at 992; see People v Brian, 84 NY2d 887, 889). Here, contrary to the defendant's contention, the evidence at trial was not solely circumstantial and, thus, a circumstantial evidence charge was not warranted (see People v Hardy, 26 NY3d at 251).
The defendant did not demonstrate that he was deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668, 687-688; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court