People v Bustillo (2023 NY Slip Op 05158)

People v Bustillo

2023 NY Slip Op 05158

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2022-02912

[*1]People of State of New York, respondent,
v
Henry Bustillo, appellant.

Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Caren C. Manzello and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 4, 2022. The order, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the County Court designated the defendant a level two sex offender. The defendant appeals, arguing that the court should have granted his application for a downward departure to a level one risk designation.
Initially, contrary to the People's contention, the defendant's argument that the County Court erred in failing to grant a downward departure from his presumptive risk level is preserved for appellate review. Defense counsel's contentions at the hearing are properly construed as requesting a downward departure (see People v Snyder, 175 AD3d 1331, 1332). Moreover, the court decided the application, stating that it was denying it on the ground that the defendant "failed to establish by a preponderance of the evidence mitigating factors of a kind or . . . to a degree not adequately taken into account by the guidelines which would establish the lower likelihood of re-offense."
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Khan, 182 AD3d 613, 614; see People v Gillotti, 23 NY3d at 861).
Here, contrary to the defendant's contention, his risk level was properly assessed. "Although in some cases involving offenders who possessed child pornography, the assessment of points under risk factors 3 and 7 might result in an overassessment of the risk a defendant poses to the community" (People v Smith, 187 AD3d 1228, 1229; see People v Gillotti, 23 NY3d at 860), a downward departure is not warranted as a matter of discretion under the circumstances of this case (see People v Galeana, 208 AD3d 1372, 1373; People v Whitney, 168 AD3d 776, 777).
Accordingly, the County Court properly designated the defendant a level two sex offender.
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court