People v Hayon (2024 NY Slip Op 04985)

People v Hayon

2024 NY Slip Op 04985

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-01782

[*1]The People of the State of New York, respondent,
v
Joseph Hayon, appellant.

Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel; Matthew Vance on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Danny K. Chun, J.), entered February 17, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a jury verdict, of 94 counts of possessing a sexual performance by a child (see People v Hayon, 211 AD3d 966). In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court, after a hearing, assessed the defendant 95 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly denied his application for a downward departure. Although in some child pornography cases the assessment of points under risk factors 3 and 7 can result in an overassessment of a defendant's level of risk (see People v Gillotti, 23 NY3d 841, 860), a downward departure was not warranted under the circumstances of this case (see People v Benchocron, 226 AD3d 832, 833; People v Bustillo, 220 AD3d 814, 815; People v Capuano, 211 AD3d 860, 860).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court