People v Exford (2025 NY Slip Op 00536)

People v Exford

2025 NY Slip Op 00536

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND KEANE, JJ.

557 KA 22-01785

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAWN EXFORD, DEFENDANT-APPELLANT. 

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JEFFREY G. TOMPKINS, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Lewis County Court (Daniel R. King, J.), rendered April 22, 2022. The judgment convicted defendant upon a jury verdict of arson in the first degree (two counts), murder in the second degree (four counts), arson in the second degree and reckless endangerment in the first degree (six counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of arson in the first degree (Penal Law § 150.20 [1]), four counts of murder in the second degree (§ 125.25 [2], [3]), one count of arson in the second degree (§ 150.15), and six counts of reckless endangerment in the first degree (§ 120.25).
The conviction arises from a fire that destroyed an apartment building, killing two people. The evidence at trial included, inter alia, surveillance videos from businesses in the vicinity establishing that defendant had the opportunity to set the fire because, at the time the fire became visible in the building's entryway, defendant was exiting the premises. It also included the testimony of a fire investigator that he had ruled out electrical, chemical, and natural causes for the fire and, given the elimination of those other sources, the "probable cause" of the fire in his opinion was "intentional open flame" and "human involvement."
Contrary to defendant's contention, County Court did not abuse its discretion in allowing the fire investigator to testify to his opinion that the fire was intentionally set (see generally People v Wisniewski, 191 AD3d 1435, 1436 [4th Dept 2021], lv denied 36 NY3d 1125 [2021]). Such testimony did not invade the province of the jury (see People v Rivers, 18 NY3d 222, 227 [2011]). We have reviewed defendant's remaining contentions concerning that testimony and conclude that they are either unpreserved or lack merit.
Defendant next contends that the evidence of intent with respect to the arson in the first and second degree counts is legally insufficient. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish the element of intent as to those counts (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant failed to preserve his contention that the evidence is legally insufficient to establish the element of depraved indifference in the depraved indifference murder and the reckless endangerment counts (see generally People v Gray, 86 NY2d 10, 19 [1995]).
Defendant also contends, however, that the verdict is against the weight of the evidence [*2]with respect to all counts, and "we necessarily review the evidence adduced as to [that element] [as well as] to each of the [other] elements of the crimes in the context of our review of [defendant's contention]" (People v Arroyo, 111 AD3d 1299, 1299 [4th Dept 2013], lv denied 23 NY3d 960 [2014] [internal quotation marks omitted]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although a different verdict would not have been unreasonable, it cannot be said that the jury "failed to give the evidence the weight it should be accorded" (id.; see generally People v Baque, — NY3d &mdash, 2024 NY Slip Op 05244, *2-3 [2024]).
We nevertheless agree with defendant and conclude that the court erred in denying defendant's request for a circumstantial evidence instruction. "It is well settled that a trial court must grant a defendant's request for a circumstantial evidence charge when the proof of the defendant's guilt rests solely on circumstantial evidence . . . By contrast, where there is both direct and circumstantial evidence of the defendant's guilt, such a charge need not be given" (People v Hardy, 26 NY3d 245, 249 [2015]). Contrary to the People's assertion, this was not a case with " 'both direct and circumstantial evidence of . . . defendant's guilt,' " which would negate the need for a circumstantial evidence charge (People v Lathrop, 227 AD3d 1503, 1506 [4th Dept 2024], lv denied 42 NY3d 939 [2024]; see People v Barnes, 50 NY2d 375, 380 [1980]). Indeed, none of the evidence presented at trial "prove[d] directly a disputed fact without requiring an inference to be made" (Hardy, 26 NY3d at 251).
Further, this is not "the exceptional case where the failure to give the circumstantial evidence charge was harmless error" (People v Brian, 84 NY2d 887, 889 [1994]; see People v Swem, 182 AD3d 1050, 1052 [4th Dept 2020]). Although " 'overwhelming proof of guilt' cannot be defined with mathematical precision" (People v Crimmins, 36 NY2d 230, 241 [1975]), it necessarily requires more evidence of guilt than proof beyond a reasonable doubt. If that were not so, all errors would be harmless in cases where the verdict is not against the weight of the evidence (see generally People v Levy, 202 AD2d 242, 246 [1st Dept 1994]; People v Williams, 62 AD2d 1026, 1026 [2d Dept 1978]).
Here, the strongest evidence linking defendant to the crime is the video surveillance recording. As noted, that video, which is grainy and shot from a distance, depicts a flickering or glow as defendant exits the premises, which promptly grows into a blaze as defendant walks away. There is no way to discern from the video the exact moment that the fire is set or precisely how the fire began. "In order for the jury to find defendant guilty it had to make a number of logical leaps connecting defendant to the crimes charged. Had the trial court given the circumstantial evidence charge, alerting the jury of the need to exclude to a moral certainty every other reasonable hypothesis of innocence," we conclude that the verdict may have been different (People v Carter, 97 AD3d 492, 496 [1st Dept 2012]; see Swem, 182 AD3d at 1051-1052).
We thus reverse the judgment and a new trial is granted. In light of our determination, we do not address defendant's remaining contentions.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court