People v Rodriguez (2025 NY Slip Op 02454)

People v Rodriguez

2025 NY Slip Op 02454

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

171 KA 21-00790

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY RODRIGUEZ, DEFENDANT-APPELLANT. 

ROSENBERG LAW FIRM, BROOKLYN (JONATHAN ROSENBERG OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered July 16, 2020. The judgment convicted defendant upon a jury verdict of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts), criminal facilitation in the second degree (two counts) and hindering prosecution in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of murder in the second degree and attempted murder in the second degree under counts 1 and 2 of the superseding indictment, and as modified the judgment is affirmed and a new trial is granted on those counts.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), attempted murder in the second degree (§§ 110.00, 125.25 [1]), two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), two counts of criminal facilitation in the second degree (§ 115.05), and two counts of hindering prosecution in the first degree (§ 205.65), all stemming from a shooting that resulted in the death of a child and injury to the child's stepmother.
Contrary to defendant's contention, we conclude that the evidence is legally sufficient to support the conviction of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, and criminal facilitation in the second degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and that the verdict, viewed in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We agree with defendant, however, that County Court erred in denying defendant's request for a circumstantial evidence instruction with respect to the counts charging murder in the second degree and attempted murder in the second degree. "[A] trial court must grant a defendant's request for a circumstantial evidence charge when the proof of the defendant's guilt rests solely on circumstantial evidence . . . By contrast, where there is both direct and circumstantial evidence of the defendant's guilt, such a charge need not be given" (People v Hardy, 26 NY3d 245, 249 [2015]; see People v Francis, 206 AD3d 1605, 1606 [4th Dept 2022], lv denied 38 NY3d 1133 [2022]).
The People argue that certain statements made by defendant provided some direct evidence of defendant's guilt of those charges. A defendant's "statement[s are] direct evidence only if [they] constitute a relevant admission of guilt" (Hardy, 26 NY3d at 249 [internal quotation marks omitted]). Here, we conclude that the statements identified by the People were not admissions of guilt; rather, because they "merely includ[ed] inculpatory acts from which a [*2]jury may or may not infer guilt, the statement[s were] circumstantial and not direct evidence" (id. at 249-250 [internal quotation marks omitted]; see People v Rizzo, 267 AD2d 1041, 1042 [4th Dept 1999], lv denied 95 NY2d 838 [2000]). The People thus failed to present " 'both direct and circumstantial evidence of . . . defendant's guilt' " that would have negated the need for a circumstantial evidence charge (People v Lathrop, 227 AD3d 1503, 1506 [4th Dept 2024], lv denied 42 NY3d 939 [2024]; see People v Barnes, 50 NY2d 375, 380 [1980]).
Further, this is not "the exceptional case where the failure to give the circumstantial evidence charge was harmless error" (People v Brian, 84 NY2d 887, 889 [1994]; see People v Exford, 234 AD3d 1252, 1254 [4th Dept 2025]; People v Swem, 182 AD3d 1050, 1052 [4th Dept 2020]). The evidence of defendant's guilt was not overwhelming (see Exford, 234 AD3d at 1254). Moreover, for the jury to find defendant guilty of murder in the second degree and attempted murder in the second degree, "it had to make a number of logical leaps connecting defendant to [those crimes]" (id. [internal quotation marks omitted]). Thus, we conclude that there is a "significant probability that the jury would have acquitted [on the challenged counts of the superseding indictment] if the circumstantial evidence charge had been given" (Brian, 84 NY2d at 889; see Swem, 182 AD3d at 1051-1052). We therefore modify the judgment accordingly.
In light of our determination, defendant's remaining contention is academic.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court